HERMAN MENDEL v. JAMES E. BOYD.

FILED APRIL 21, 1904.   No. 13,487.

1. **Witness: VOLUMINOUS ACCOUNTS.** Where a book contains voluminous accounts or transactions, the examination of which could not conveniently take place in court, an accountant, who had made an examination of the book, may testify as to the result of his computation therefrom, but not as to mere inferences.

2. **Drafts: EVIDENCE OF PAYMENT.** Where the question was whether certain drafts had been paid for when issued, an accountant, who had examined the books of the bank, was permitted to testify as to what the books showed in regard to that question: *Held,* error.

45

3. ———: Authority of Cashier of Bank. The general authority of a cashier of a bank does not authorize him to issue drafts of the bank for himself or for his private use.

4. ———: Proof of Payment. When it appears that he has thus issued drafts, there is no presumption that they were paid for when issued, and the burden is on the party claiming they were thus paid for to prove it.

Error to the district court for Douglas county: Willard W. Slaubaugh, Judge. Reversed.

John P. Breen and Frank H. Gaines, for plaintiff in error.

S. R. Rush and Howard B. Smith, contra.

Albert, C.

One, since deceased, while cashier of a state bank in Iowa, embezzled $18,000 of the funds of the bank. Herman Mendel, the plaintiff in this action, and another were his bondsmen, and made good the shortage. A large portion of the funds thus embezzled were lost by the cashier in gambling on the board of trade, through the defendant who conducted a commission house. The plaintiff by assignment succeeded to the rights of his fellow bondsman in the premises, and brought this action against the defendant for the full amount of the cashier's shortage to the bank. The petition sets forth 19 drafts, aggregating $21,-125, which, it is alleged, were received by the defendant from the cashier in the gaming transactions. Each draft represents a separate transaction, and each transaction is made the basis of a separate cause of action in the petition. The case is here for the second time. The former opinion is unofficially reported, under the present title in 3 Neb. (Unof.) 473, and contains a somewhat extended statement of the facts. The principal question of fact, on the first trial, appears to have been as to the amount which the cashier had received from the defendant in the transactions and returned to the bank. In the former opinion,

reversing the judgment of the district court, Barnes, C. (now judge), said:

"Therefore, in any event, the verdict in this case should have been for the plaintiff. We are satisfied that a verdict for $3,500 would not have been excessive. For this reason the judgment herein must be reversed."

The evidence on the second trial was the same as that on the first, save that the defendant undertook to show by an expert accountant, that 6 of the drafts had been paid for when issued. The trial resulted in a verdict for the defendant, and judgment was given accordingly. The plaintiff brings error.

As the plaintiff's right to recover on the evidence adduced on the first trial is established by the former opinion, for a justification of the present verdict we must look to the testimony of the expert accountant, which is the only additional evidence adduced on the second trial. One of the principal errors assigned is based on the reception of his evidence. After qualifying as an expert and showing that he had made an examination of the books of the bank, which were in court and identified, the witness was examined as follows:

Q. You may state whether you made an examination of the books of the State Bank of Neola, as to whether or not draft, Exhibit 16, No. 37,848, dated June 1, amounting to $1,500, was paid for when issued?

A. I have made such examination.

Q. You may state whether or not the entries upon the books of the state bank of Neola, or what they show with respect to the payment for draft Exhibit No. 16?

Objected to on the grounds that the book is the best evidence, and calling for a conclusion. Objection was overruled.

A. The books of the state bank of Neola show that Exhibit 16, draft No. 37,848, for $1,500, was paid for when issued.

Substantially the same record was made as to the other 5 drafts. It seems to us that this evidence was so clearly

incompetent as to leave little room for a difference of opinion. One of the elementary rules which governs in the production of evidence is that which requires the best evidence of which the case in its nature is susceptible. That a book itself, ordinarily, is the best evidence of its contents will be conceded. The foregoing rule has been relaxed where the book contains complicated or voluminous accounts or transactions, the examination of which could not conveniently take place in court. In such cases it is the practice to permit an accountant, who has made an examination of the book, to state the result of his computation therefrom. 1 Greenleaf, Evidence (13th ed.), sec. 93; 12 Am. & Eng. Ency. Law, sec. 2, p. 428. But, in the present case, the question was whether the 6 drafts, or any of them, had been paid for when issued. This involved only 6 transactions, simple in their nature. The entries, which the defendant relied upon as showing such payment, should have been pointed out, and the question of what they showed left to the jury. If the entries were made in technical language, or were ambiguous, there is no doubt they might have been explained by any witness having shown himself competent to make the explanation. But to permit a witness to examine such entries, and then give in evidence the inferences which he drew therefrom was clearly improper. Whether the book itself would be admissible in evidence to prove or disprove such payment, in an action between the present parties, is a question that is not necessarily presented by the record.

One paragraph of the charge to the jury, and which is the basis of another assignment of error, is as follows:

"1st. Whether or not the drafts, Exhibits 1, 2, 13, 14, 15 and 16, or any of them, of the Neola State Bank, were paid for on their issuance, and the burden is upon the plaintiff to establish by a preponderance of evidence that said drafts were not paid for."

The 6 drafts mentioned in the foregoing instruction are the drafts which the defendant undertook to show by the expert had been paid for when issued. Some of them were

Mendel v. Boyd.

signed by the cashier whose peculations gave rise to this action; the others, by the assistant cashier; all of them, however, were issued by the cashier himself. It is well settled, that the general authority of the cashier of a bank does not authorize him to issue drafts of the bank for himself, or for his private business. *Lee v. Smith*, 84 Mo. 304, 54 Am. Rep. 101; *Anderson v. Kissam*, 35 Fed. 699; *Lamson v. Beard*, 36 C. C. A. 56, 45 L. R. A. 822; *West St. Louis Savings Bank v. Shawnee County Bank*, 5 Otto (U. S.), 557. This rule is founded on the familiar rule of the law of agency, which forbids that an agent shall act for himself and for his principal in one and the same transaction. It is founded on sound considerations of public policy, and the recognized inability of any person to faithfully serve two masters at the same time. Consequently, when the cashier issued these drafts, he did so without authority, and his conduct is to be viewed in no more favorable light than that of any other person who, without authority, appropriates the property of another to his own use. Such appropriation is commonly called conversion, sometimes by a harsher term, and where it is shown, as in this case, there is no presumption that the wrong-doer has paid value or made restitution, the burden is upon those claiming that he did to prove it. There may be a question whether the plaintiff, by the evidence adduced in making his case, did not commit himself to the theory that the burden was on him to show that the drafts had not been paid for when issued. But as the case must be remanded for a new trial on other grounds, it was thought best to deal with the instruction as an abstract proposition, rather than as it stands related to the theory on which the case was tried.

For the errors pointed out, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

FAWCETT, C., concurs.

GLANVILLE, C.

I concur in the conclusion but not in the holding announced in paragraph 2 of syllabus.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.