VOL. 111]        JANUARY TERM, 1924            585

State, ex rel. Davis, v. Farmers State Bank.

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V. FARMERS STATE BANK OF HADAR, APPELLEE: NEBRASKA STATE BANK OF NORFOLK, APPELLANT.

FILED FEBRUARY 13, 1924.   No. 22629.

Banks and Banking:  CONVERSION.  The cashier of a bank cannot legally pay his individual note with other notes belonging to the bank, and the payee in such an individual note may be held liable for conversion if, with knowledge of the facts, he accepts payment in that manner.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*R. J. Shurtleff,* for appellant.

*Charles H. Kelsey,* and *Webb Rice, contra.*

Heard before LETTON, ROSE and DAY, JJ., ELDRED and REDICK, District Judges.

ROSE, J.

This is a controversy between B. N. Saunders, receiver of the Farmers State Bank of Hadar, an insolvent corporation, and the Nebraska State Bank of Norfolk, claimant.

In a proceeding by the state to wind up the affairs of the Farmers State Bank, insolvent, the Nebraska State Bank, claimant, made a demand for the payment of $14,995 out of the bank guaranty fund. The demand was based on 12 certificates of deposit, each issued by insolvent banks while transacting a commercial banking business and assigned by the payee to claimant.

In an answer to the petition of claimant, the receiver admitted the validity of the certificates of deposit and the assignments to claimant, but pleaded a set-off aggregating $5,145.50 and interest, based on claimant's conversion of three promissory notes belonging to insolvent. By formal reply claimant contested the set-off.

Upon a trial of the issues raised by the pleadings, the district court sustained the set-off and made it the basis for an order directing the receiver to apply in partial satisfaction of insolvent' indebtedness to claimant $5,375.68, including interest. The latter has appealed.

The validity of the set-off is the question presented for review. The conclusion of the district court is clearly right. While insolvent was conducting a commercial banking business, its cashier, acting for himself alone, borrowed from claimant $5,000 July 19, 1920, payable in 90 days, and evidenced the indebtedness by his individual note. He never paid this obligation. After the note matured repeated demands were made for payment, resulting in broken promises by the maker. The president of claimant, representing his bank, went to the bank of insolvent December 17, 1920, and received from its assistant cashier, in absence of the cashier, three promissory notes aggregating $5,100, which were subsequently held by claimant instead of the 5,000-dollar note. These three notes were the property of insolvent and were at the time known by claimant to be such. Afterward the amount due on the three notes was paid to claimant and the unpaid note for $5,000 fell into the hands of the receiver. The effect of the transactions was to pay the individual debt of the cashier with the property of the bank for which he acted, claimant having at the time actual

knowledge of all material facts. The data and book entries which the officers of both banks made tended to show closed transactions between the banks, but the controversy is to be determined according to the true import of what was done, with the knowledge of claimant that it was getting notes of the Farmers State Bank of Hadar, now insolvent, to pay the individual note of the latter's cashier. Of course, this could not legally be done. *Mendel v. Boyd,* 71 Neb. 657. In allowing the set-off the trial court directed the receiver to return to claimant the unpaid note for $5,000 and administered justice between the parties.

Ratification and estoppel are urged to defeat the set-off, but are not sustained by the evidence.

AFFIRMED.