## COMMONWEALTH *vs.* BENJAMIN BROWN.

Barnstable.    November 25, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Seduction — Evidence — Admission.*

In a criminal case, the defendant's plea of guilty before the magistrate by whom
he was ordered to recognize for trial is properly admissible in evidence as a
confession.

At the trial of an indictment, a witness, having testified that he did not remember
a supposed admission of guilt of the defendant, was asked if he did not make a
statement with regard to it to the magistrate by whom the defendant was
bound over for trial, and replied in the affirmative. No further inquiry was
made of him, and there was nothing in the bill of exceptions alleged at the trial
to show that his answer was treated as evidence of an admission of guilt, or,
under the Pub. Sts. c. 169, § 22, to discredit the witness. *Held*, that the defend-
ant showed no ground of exception.

INDICTMENT on the St. of 1886, c. 329, § 3, for seduction.
Trial in the Superior Court, before *Sherman*, J., who allowed
a bill of exceptions, in substance as follows.

The government, against the defendant's objection, was per-
mitted to introduce in evidence a copy of the record of a trial jus-
tice, which recited that, upon the defendant's being duly brought
before him upon a complaint for the offence in question, he
pleaded guilty, and thereupon the magistrate ordered him to
recognize for his appearance in the Superior Court for trial;
and the defendant excepted.

The judge, against the objection of the defendant, instructed
the jury that said complaint and record were to be considered
by them as competent evidence of an admission by the defend-
ant of his guilt of the charges therein contained; to which the
defendant duly excepted.

The government called as a witness the father of the girl,
and he testified that the defendant, in the presence of George
H. Brown, admitted in a conversation that he was the first
man who ever had sexual intercourse with her, which admis-
sion the defendant denied.    George H., also called as a wit-
ness by the government, testified that he was present at this

conversation between the father and the defendant, but did not remember that the defendant made the above statement to the father. He was then asked by the government, whether or not he said to the trial justice, after the father had made his statement to him. that all that the father had said was true, and that there was nothing he could add. The defendant objected to this question, but the judge, deeming the witness an unwilling one, allowed the question to be put, and the defendant excepted. The witness replied in the affirmative. There was no evidence introduced as to what statement was made by the father to the trial justice.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. P. Harriman,* for the defendant.

*A. J. Waterman,* Attorney General, *&* *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. 1. The defendant's plea of guilty before the magistrate was properly received as a confession.

2. For the purpose of refreshing the recollection of a witness who is forgetful, or apparently unwilling, and of bringing to his mind the transaction respecting which he hesitates to testify, the court may properly allow a question to be put to him whether he has not on another occasion made a statement in reference to it. If he says yes, one step is gained towards obtaining his direct testimony upon the matter which is material, and further questions are usually put in order to get if possible some positive testimony as to the particulars. His bare declaration that on a former occasion he made a statement upon the subject is of itself of no significance, and, unless followed up by further inquiry, should be disregarded. The witness Brown, having testified that he did not remember the supposed admission of guilt by the defendant, might properly be asked, as preliminary to further inquiries, if he did not make a statement in respect to it to the trial justice. *Melhuish* v. *Collier,* 15 Q. B. 878. *Bullard* v. *Pearsall,* 53 N. Y. 230. But when no further inquiry was made, the defendant might well have asked that the jury be instructed to disregard the answer already given, if such request were necessary. That answer, though properly received when given, became simply immaterial, and there is nothing to

show that it was afterwards treated as evidence of an admission of guilt by the defendant, or even as evidence under the Pub. Sts. c. 169, § 22, to discredit the witness.

*Exceptions overruled.*