# Commonwealth v. Biddle, Appellant (No. 2).

*Criminal law—Murder—Evidence—Joint indictment—Prior crimes.*

Where three burglars are jointly indicted for a murder committed in the act of burglary, one of the prisoners may in a separate trial of another of the prisoners, be permitted to testify as to the criminal concert of the three long anterior to the particular crime under investigation, and a verdict of guilty will not be affected because other crimes were mentioned by the witness in a general way, but without any attempt on the part of the commonwealth to elicit evidence of other independent crimes.

*Criminal law—Murder—Evidence as to second murder.*

On the trial of an indictment for murder, it is not error to show that the prisoner after the killing, shot to death one of the officers who attempted to arrest him.

Argued Oct. 28.   Appeal, No. 126, Oct. T., 1901, by defendant, from judgment of O. & T. Allegheny Co., March T., 1901, No. 28, on verdict of guilty of murder in the first degree in case of Commonwealth v. Edward Biddle, alias Edward Wright. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Indictment for murder.   Before Shafer, J.

*Errors assigned* among others were :

4. In permitting the commonwealth in its examination in chief to examine Walter Dorman regarding his former relations and associations with John and Edward Biddle at times and in matters in no way connected with the killing of Kahney.

5. In permitting Walter Dorman in answer to the question of the district attorney to testify that the contents of boxes shipped from Dorman's house were the proceeds of a burglary or a robbery in which Dorman declared Edward Biddle participated, it being admitted that the transaction was in no way connected with the murder of Kahney.

6. In permitting the commonwealth upon the trial of Edward Biddle for the murder of Thomas D. Kahney to introduce testimony showing that upon the occasion of the said Biddle's arrest on the day following at his rooms, he had murdered Patrick E. Fitzgerald, a detective in the employ of the city of Pittsburg.

*James Francis Burke*, with him *Harrison Bock*, for appellant.

*John C. Haymaker*, district attorney, with him *John C. Robb, Jr.*, first assistant district attorney, for appellee.

OPINION BY MR. JUSTICE DEAN, November 4, 1901:

As concerns the history of this case it is precisely the same as that of the Commonwealth v. John Biddle, appeal from the same court, in which an opinion has been handed down this day. We have examined carefully the assignments of error. The first is the same as that in appeal of John Biddle which we there discussed. The second was also substantially passed upon in that case. The third, fourth and fifth have no merit; the commonwealth sought to show by an accomplice, Dorman, the intimate relations between him and defendant at the time of the murder of Kahney, and the burglary at his house, and also, that the relation had commenced before that date. In narrating this intimacy, Dorman incidentally touched on other crimes committed by them in concert. The commonwealth did not seek to prove these independent crimes, but Dorman's narrative of their long continued intimacy and confederacy could not have been connectedly given without mentioning them. A reading of Dorman's testimony shows no attempt on part of the commonwealth to elicit evidence of other independent crimes, and the witness only touched upon them in a general way. The court could not prevent this, as there was no offer to prove these particular acts; the offer was to prove intimacy and confederacy antedating the Kahney burglary,

As to the evidence showing that Edward Biddle shot to death one of the officers who attempted to arrest him, the commonwealth had a right to show the arrest and the conduct of Biddle when it was made. If that showed a second murder that was Biddle's fault, in committing it, not the commonwealth's in proving the arrest.

All the assignments of error are overruled and the judgment of the oyer and terminer is affirmed. Let the record be remitted to the court below that the judgment may be carried into execution according to law.