# Commonwealth *v.* Coles, Appellant.

*Common law—Murder—Evidence—Similar acts—Other crimes —Display and use of firearms—Arrest — Shooting — Res gestæ— Identity of pistol.*

1. Although as a general rule a distinct crime unconnected with that laid in the indictment, cannot be introduced in evidence against the accused, yet where the offenses are so connected that proof of the one necessarily involves proving the other, such proof is admissible.

2. On a trial for murder, proof that accused, with four associates, entered a saloon where they behaved in a disorderly manner, that accused without offense being given, pointed a loaded pistol at a bartender and attempted several times to discharge it, that his associates fired shots, one taking effect on an employee, that they

left the saloon together hurriedly and were followed by persons attracted by the shooting, that in their retreat they encountered a detective who was shot while attempting to take a pistol from one of the party, a brother of the accused, within ten or fifteen minutes after the shooting in the saloon, is admissible where it is offered as a part of the rest gestæ of the crime of murder of the detective, of which the accused was charged, and not merely to prove the commission of the earlier offense.

3. Such evidence would at least have warranted an inference that defendant was one of an organization banded together to commit crimes, thus connecting the other offenses with the one charged.

4. In such a case it is competent to show that the pistol used by the accused in the killing of the detective was the same weapon that accused displayed while engaged in the altercation at the saloon, and it is proper to admit the pistol in evidence. It is equally competent to offer in evidence a pistol that belonged to the brother of the accused, which was found under the body of the deceased after he had fallen.

Argued May 19, 1919. Appeal, No. 330, Jan. T., 1919, by Samuel Coles, from judgment of O. & T. Philadelphia Co., March T., 1918, No. 345, on verdict of guilty of murder of the first degree in the case of Commonwealth v. Samuel Coles. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Indictment for murder. Before MONAGHAN, J.

Verdict of guilty of murder of the first degree upon which sentence of death was passed. Defendant appealed.

*Errors assigned* were rulings on evidence and refusal of a new trial.

*Marshall A. Coyne,* with him *C. Stuart Patterson, Jr.,* for appellant.—Evidence of prior offenses was incompetent: Shaffner v. Com., 72 Pa. 60; Com. v. House, 223 Pa. 487.

*Maurice J. Speiser,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.— The offenses were so inseparably connected that the one

charge could not be proved without also proving the other, which rendered the evidence admissible: Rex v. Bond, 2 K. B. 389; Com. v. Ferrigan, 44 Pa. 386; Goersen v. Com., 99 Pa. 388; Com. v. Wendt, 258 Pa. 325.

OPINION BY MR. JUSTICE STEWART, June 21, 1919:

The appellant stands convicted of the crime of murder of the first degree under an indictment preferred in the Oyer and Terminer Court of Philadelphia County, charging him, together with his brother, John Coles, and two others, with the felonious killing of George Williams, then a detective officer of the City of Philadelphia, on the 9th day of January, 1918. When the case was called for trial a severance was asked and appellant was accorded a separate trial, resulting in a conviction as above indicated. A new trial was granted in which the result was the same, and judgment was thereupon entered and sentence pronounced. It is from this judgment that the present appeal has been taken.

The assignments of error are several, but since all relate in one way or another to the admission of certain evidence offered by the Commonwealth touching an occurrence in which the appellant and the other parties charged in the indictment were participants, and which took place within a very short distance from the place where the crime charged was committed and preceded it by fifteen minutes at most, the several assignments, to this extent, may be treated as one. The testimony offered by the Commonwealth touching this matter, and admitted against objection, was to this effect. About a quarter past twelve o'clock on the day of the occurrence appellant, accompanied by his three associates charged in the indictment, entered a saloon on the corner of Sixteenth and South streets in Philadelphia, where they behaved in a disorderly manner, especially appellant who at once, without any aggravation or offense being given, pointed a loaded pistol at the man behind the bar and attempted, though unsuccessfully, to discharge the weap-

on some three or four times. Others of the company fired shots, one taking effect in the shoulder of an employee of the establishment. All four were armed with pistols which they exhibited. The parties remained in the saloon but a very few minutes and then hurriedly left together. The shooting having been heard outside the saloon, a number of persons were attracted to the place and when they saw appellant and his companions leaving the saloon in a hurried manner, they followed. The four men engaged in the disturbance were all running away. Their line of retreat was so circuitous and their retreat so hurried, that except as the line of retreat had been chosen to escape arrest for the occurrence at the saloon, it must have been aimless. It was within a very few minutes, fifteen at most, that in their retreat they encountered, on Waverly street, near the corner of Sixteenth, George Williams, a city detective, dressed, however, in citizen's clothes, and who there lost his life while attempting to take from one of the retreating parties, a brother of the appellant, a pistol which he had reason to believe was on his person. It is unnecessary to enter into further details with respect to the testimony which is here complained of. This testimony was not offered with a view to showing a distinct offense from that charged in the indictment; nor was it offered to furnish additional proof of the appellant's actual guilt of the particular offense charged against him; that is to say, that it was his hand that later fired the shot that resulted in the killing of George Williams. The ground on which the Commonwealth contended for the admissibility of the testimony was that "the occurrence at the saloon" was the beginning of a sequence of acts terminating in the crime for which defendant is being tried"; "that the killing took place while the defendant and his companions were fleeing after the offense in the saloon, within possibly ten or fifteen minutes of the time of the actual shooting there; that the entire occurrence from the beginning of it, which is referred to by the witnesses, to the

time the murder was done, did not take over fifteen minutes." The ground of objection was, as stated by counsel, "that it charges a distinct and separate offense utterly disassociated from the issue we are trying at present; that there is not a word in the testimony to the effect that George Williams was present or had any knowledge of this occurrence in the saloon. It charges a distinct and independent crime for which he might be tried but not the one for which he is being tried."

It is quite true that, as a general rule, a distinct crime unconnected with that laid in the indictment, can not be given in evidence against the prisoner. All our authorities are in accord with this proposition. We need only to refer to Shaffner v. Com., 72 Pa. 60. What is there said we have above recited in totidem verbis and we abate nothing from it. As will readily be observed the qualifying, and to that extent the governing, word in the rule as stated by Mr. Justice AGNEW in the case cited, is the word "unconnected." If the offense disclosed by the testimony sought to be introduced is unconnected with that charged in the indictment being tried, that is to say, that the two have no common element, and the facts with respect to the one are not required to supplement or explain the facts appearing in the trial for the other or later offense, then it must be said that the two offenses are distinct and separate, and the evidence would be irrelevant and inadmissible. It often happens, however, that the two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other, and, in such case the prosecution for the one, evidence proving the other cannot be excluded because it also proves the other. Corpus Juris, Vol. 16, 588, and the authorities there cited. "The general rule cannot be applied where the facts which constitute distinct offenses are at the same time part of the transaction which is the subject of the indictment. Evidence is necessarily admissible as to acts which are so clearly and inextricably mixed up with the history of the guilty act itself as to

form part of one chain of relevant circumstances, and so could not be excluded on the presentation of the case before the jury without the evidence being rendered thereby unintelligible": 2 K. B. 400, in Goersen v. Com., 99 Pa. 388, the same question was there raised as here. Chief Justice MERCUR there ruled as follows: "The second specification is to permitting the Commonwealth to give evidence of a separate and distinct offense from that for which the accused was being tried. If that other offense, in fact, was separate and distinct from the one charged in the indictment, it is important to consider the purpose for which the evidence was offered. It is true, a defendant cannot be convicted of the offense charged, merely because he has committed another offense, either of a similar or dissimilar kind. Hence, as a general rule, evidence of his participation in another independent and distinct crime cannot be received simply for the purpose of proving his commission of an offense for which he is on trial: Whar. Crim. Evi., Sec. 30; Coleman v. People, 55 N. Y. 90; State v. Renton, 15 N. H. 174; Com. v. Campbell, 7 Allen 542; Shaffner v. Com., 72 Pa. 60. It cannot be received to impeach his general character, nor merely to prove a disposition to commit crime. Yet under some circumstances, evidence of another offense by the defendant may be given. Thus it may be to establish identity; to show that the act charged was intentional and wilful, not accidental; to prove motive; to show guilty knowledge and purpose, and to rebut any inference of mistake; in case of death by poison to prove the defendant knew the substance administered to be poison; to show him to have been one of an organization banded together to commit crimes of the kind charged; and to connect the other offenses with the one charged as part of the same transaction." The testimony in the present case touching the earlier occurrence in the saloon, although it discloses an offense there committed by the appellant and his associates other than the offense with which they were charged in the indictment, was not offered to prove the commis-

sion of the earlier offense, but was offered as part of the res gestæ of the crime of which he was charged and convicted, the felonious killing of George Williams within fifteen minutes at most after the occurrence at the saloon and at a place they reached in their flight to escape arrest about a city square distant. The killing of Williams followed almost immediately upon the arrival of the defendant and his three associates at the place where they came together. The sudden arrival of four men at that point with no ostensible object or purpose, the arrest of the flight by the intervention of the officer of the law who was immediately killed thereafter by one of them while he was attempting to disarm another; these facts and others equally pertinent having a direct bearing on the question of defendant's guilt would have been left wholly unexplained on the trial except as the testimony in regard to the occurrence at the saloon had been admitted. The two offenses were shown to have been so related in point of time and distance separating them as to make the earlier occurrence part of the res gestæ attending the murder. Without specifying further, it would at least have warranted an inference that "the defendant was one of an organization banded together to commit crimes of the kind charged," which of itself would be sufficient to connect the other offenses with the one charged.

If we are correct in this ruling, that the evidence objected to was entirely competent, it would follow logically that it was equally proper to show that the pistol used by the defendant in the killing of Williams was the same weapon that defendant displayed while engaged in the altercation at the saloon, and that it was properly admitted in evidence. The same may be said with respect to the pistol that was offered in evidence as a pistol that belonged to the defendant's brother and which was found under the body of Williams after he had fallen. The identity of the pistol rested on the declaration of the defendant, and the evidence was given for what it was worth, contradicted though it may have been. It is un-

necessary to pursue the matter further. In what we have said we have sufficiently discussed the matters raised by the several assignments. We see no merit in any of them, and all are overruled. The defendant has had the benefit of two separate trials, on both of which he has been pronounced guilty in manner and form as he stood indicted. No sufficient reason has been offered for any interference on our part with the legal consequence attending such result. The assignments of error are overruled.

The judgment is affirmed, and the record is remitted for purpose of execution.