## Commonwealth *v.* Robb, Appellant.

*Criminal law — Murder — Combination to commit a felony — Killing by one of the parties—Responsibility of the other.*

1. If two or more persons combine to commit a felony, and, in carrying out the common purpose, another is killed, the one who

enters into the combination, but does not personally commit the wrongful act, is equally responsible for the homicide with the one who directly causes it.

2. In such case, it is not necessary to prove that the party actually aided in the commission of the offense; if he watched for his companions, in order to prevent surprise, or remained at a convenient distance in order to favor their escape, or was in such a situation as to be able readily to come to their assistance, he was aiding and abetting, in contemplation of law.

. *Criminal law—Murder—Burglary—Breaking into a freight station—Acts of March 31, 1860, section 135, P. L. 382, and March 13, 1901, P. L. 49.*

3. A person may be convicted of murder of the second degree for a killing while engaged in breaking into a freight station belonging to an incorporated railroad company, under the Act of March 31, 1860, P. L. 382, and March 13, 1901, P. L. 49.

*Criminal law—Murder—Burglary—Evidence of accomplice— Mention of other crimes.*

4. Where three burglars are jointly indicted for murder committed, one may be permitted to testify as to the criminal concert of the three long anterior to the particular crime under investigation, and a verdict of guilty will not be affected because other crimes were mentioned by the witness in a general way, but without any attempt on the part of the Commonwealth to elicit evidence of other independent crimes.

Argued May 11, 1925. Appeal, No. 264, Jan. T., 1925, by defendant, from judgment of O. and T. Delaware Co., Sept. T., 1923, No. 266, on verdict of murder of the second degree, in case of Commonwealth v. Jacob Robb. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the second degree, on which sentence was passed. Defendant appealed.

*Errors assigned* were, inter alia, various rulings, quoting bills of exceptions.

*William C. Alexander,* for appellant.—It was error to charge the jury that defendants were engaged in attempting to commit robbery: Hollister v. Com., 60 Pa. 103; Com. v. Exler, 243 Pa. 155.

The homicide committed by Hayes was not a natural and probable result of the alleged conspiracy to steal from the freight station: Com. v. Exler, 243 Pa. 155; Weston v. Com., 111 Pa. 251.

Evidence of other crimes should have been excluded: Com. v. Saulsbury, 152 Pa. 554; Swan v. Com., 104 Pa. 218; Com. v. Racco, 225 Pa. 113; Com. v. Brown, 264 Pa. 85.

*William Taylor,* District Attorney, *William B. McClenachan, Jr.,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE SADLER, June 27, 1925:

The defendant, Robb, while confined in the Eastern Penitentiary, became an intimate of two men, Hayes and Reisinger, the latter having been formerly employed as a brakeman on the Baltimore Division of the Pennsylvania Railroad. The three conceived the plan of robbing the freight stations along this line, and disposing of the goods obtained. Robb and Hayes were first released from imprisonment, and both went to live in the house of the last named in Delaware County. Several warehouses having been burglarized, officers were placed at various points to detect and arrest the perpetrators. On November 22, 1921, the deceased, Leaman, was in charge at Glen Riddle. After the last train had passed for the night, he discovered Hayes engaged in removing certain property, which had been taken from the freight station, found to have been broken open. Resisting arrest, Hayes struck with some blunt instrument, seized the patrolman's revolver, and with it shot three times, resulting in the death on which the present indictment is based. Robb had previously

been stationed across the track as a lookout, it being the purpose of the two that the goods, when secured, should be carried by truck to Philadelphia for sale. The defendant fled, and was absent for some time, but indications of his connection with the affair were disclosed, and, upon his return a short time after to visit Hayes, he was apprehended. At first he disclaimed all connection with the crime, and voluntarily went with the officers to aid in clearing up the situation. A number of statements were made by him, differing in many particulars, but finally there came a confession, which was used in the trial of the case. All of the above facts are to be found in the self-incriminatory narratives, which were submitted, under proper instructions by the court, as to the weight that should be given them, if considered at all. After indictment of defendant for murder as an accomplice in the assault on deceased, the jury, with leniency, as we view the record, found him guilty of murder of the second degree, and it is from the sentence imposed that this appeal is taken.

Reference may be made first to the portions of the charge complained of, which define the legal responsibility of the defendant, by reason of his participation in the crime. The instructions as to the culpability of one who joins in a criminal act, though the actual assault be made by another, cannot be successfully objected to. "Where two join in the commission of an unjustifiable assault, which results fatally, both are guilty regardless of which one inflicts the mortal wound; hence, the trial judge did not err in charging the jury, in effect, that, even if entirely satisfied the defendant did not fire the fatal shot, it would still be their duty to convict of some degree of murder, if satisfied that, for the purpose of committing an unlawful assault, he was acting in concert with the person who fired such shot": Com. v. Biddle, 200 Pa. 640. If defendants "combine to commit a felony or make an assault, and, in carrying out the common purpose, another is killed, the one

who enters into the combination but does not personally commit the wrongful act is equally responsible for the homicide with the one who directly causes it": Com. v. Micuso, 273 Pa. 474, 478. "It is not necessary, however, to prove that the party actually aided in the commission of the offense; if he watched for his companions, in order to prevent surprise, or remained at a convenient distance in order to favor their escape, if necessary, or was in such a situation as to be able readily to come to their assistance, the knowledge of which was calculated to give additional confidence to his companions, in contemplation of law he was aiding and abetting": Weston v. Com., 111 Pa. 251, 263; Com. v. Biddle, supra.

Though the general principle stated is not controverted, counsel for appellant insist that the learned court below erred in permitting the jury to say whether the facts showed the crime to have been burglary within the meaning of the penal code (Act of March 31, 1860, P. L. 382, section 135), which limits this offense to a breaking or entering in the nighttime of certain buildings "with intent to commit a felony therein." It is urged that this definition does not include a freight station or warehouse, though the latter in the care of the entry for such purpose is made an offense of like grade by the Act of 1901 (March 13, P. L. 49). This overlooks the statement in the first statute noted that the crime there defined is committed if the breaking in is of any structure belonging "to any body corporate," and that the owners of the station at Glen Riddle came within this category. The proposition, raised might furnish ground for dispute if a conviction of first degree murder had resulted (Com. v. Exler, 243 Pa. 155), but there is no need for discussion, in view of the finding of the jury. Though the highest crime known to the law, with the penalty attached, may not have been technically proven, yet there was ample evidence to support the verdict rendered: Weston v. Com., supra.

Suggestion is made that the statements of Robb, ad-

mitted in evidence, were not voluntarily given, but resulted from the exercise of undue pressure by the police and the district attorney's officers. We have read the record relating to all of them, and can come to no other conclusion than that the jury was fully justified in reaching the contrary conclusion under the fair and legal instructions of the court below. Indeed, the most important statement seems to have been admitted without objection. Nor is there merit in the complaint that it appears from these narratives that defendant had been in the penitentiary. No effort was made by the Commonwealth to prove this for the purpose of showing the commission of some offense not involved in the trial. Where three burglars are jointly indicted for a murder committed, one may be permitted to testify as to the criminal concert of the three long anterior to the particular crime under investigation, and a verdict of guilty will not be affected because other crimes were mentioned by the witness in a general way, but without any attempt on the part of the Commonwealth to elicit evidence of other independent crimes: Com. v. Biddle, 200 Pa. 647. Thus, we have held the incidental disclosure of the fact that the defendant was a deserter from the army will not constitute reversible error: Com. v. Brown, 264 Pa. 85; see, also, Com. v. Coles, 265 Pa. 362.

An examination of the assignments of error leads to the conclusion that all must be overruled.

The judgment is affirmed, and the record is remitted so that the sentence imposed may be carried out.