Commonwealth of Pennsylvania *v.* Matthew Hefferman and Morris Brodski.

352

Argued March 12, 1929.

Before TREXLER, KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*William C. Alexander,* for appellant.

*Louis A. Bloom,* Assistant District Attorney, and
with him *William J. MacCarter, Jr.,* District Attorney
for appellee.

Per Curiam, July 2, 1929:

Hefferman appeals from conviction of the manufacture, sale and possession of intoxicating liquor contrary to the Act of 1923, P. L. 34. Instructions on the burden of proof are complained of. Two extracts from the charge are quoted as erroneous, each only part of a sentence (a practice condemned in Menhennet v. Davis, 71 Pa. Superior Ct. 260, 264; Gordon v. P. R. T. Co., 264 Pa. 461, 465); taken together they are only part of a paragraph which, when read with the whole charge, is not prejudicial to appellant. He also complains that the judge read part of section 13 of the Act, P. L. 34, in describing "the burden which is upon the defendant." As these are all the assignments included in the statement of questions involved, we limit our review to them: Rule 50.

After instructing the jury that the "burden is upon the Commonwealth to satisfy you beyond a reasonable doubt that the defendants, either one or both, are guilty ......," that "defendants are presumed to be innocent and that presumption remains with them until you are satisfied beyond a reasonable doubt of their guilt," the court said "if you are convinced beyond a reasonable doubt that any one of these defendants, or both of them, had in his possession the liquors which are in evidence in this case, then the burden shifts from the Commonwealth of Pennsylvania, because the moment that they can show that possession of the intoxicating liquor fit for beverage purposes by one or the other of those defendants, if they have shown that these defendants had in their possession this liquor, then it is upon the defendants under the law to explain the possession of the intoxicating liquor in their possession which could be used for beverage purposes. In other words, if they were found to be in possession of intoxicating liquor fit for beverage purposes, we have our opportunity to come in with the

presumption against us, or it is the burden against us to show legal possession, that we had possession of this intoxicating liquor prior to the passage of the Volstead Act, which is a permissible possession, and you doubtless heard a great many people say, 'That's pre-war stuff.' That is what is meant. On the other hand, you may show conclusively that you had intoxicating liquor fit for beverage purposes in your possession for medicinal purposes, that the doctor advised you that you should have it, no matter whether you have gotten it in good faith, or whether you have gotten it on prescription. The jury must be satisfied that it is legally possessed. On the other hand, if you are engaged in a manufacturing business and had alcohol in your possession for industrial purposes or other commercial purposes on a ·permit from the Government, that would be a defense and a legal possession. Furthermore, if you were in the business of brewing beer, under our law you would be permitted to have in your possession beer, whatever the alcoholic content of the beer would ·be in the vats in your possession, but if it should escape and get on the streets, you would have to explain why it exceeded one-half of one per cent. We are explaining these matters so that you may know that we have done our whole duty in presenting the matter quite extensively, so that there may not be any doubt as to the applicable law governing this case.

"The burden which is upon the defendant or defendants is expressly set forth in section 14098a [West's Digest] of the Act which reads: [This is part of section 13 of the Act of 1923]

" 'In any prosecution under this act when proof has been given in evidence of the manufacture, sale, offering for sale, bartering, furnishing, transportation, possession, delivery, importation, or exportation of any intoxicating liquor, the same shall be prima facie evi-

dence that the same was so manufactured, sold, offered for sale, bartered, furnished, transported, possessed, delivered, imported, or exported for beverage purposes ......' and it gives the exceptions which I have already stated to you in our own way at length.''

In addition to that part of section 13, section 4 contains the following ''...... provided, however, that proof of the possession of such intoxicating liquor shall be prima facie evidence that the same was acquired, possessed, and used in violation of this act.'' Under the statute and the decisions, it is settled that possession of intoxicating liquor unexplained by defendant justifies conviction: Com. v. Dombkowski, 86 Pa. Superior Ct. 468, 470; Com. v. Mazarella, 86 Pa. Superior Ct. 382, 385; Com. v. Benedictine, 290 Pa. 121, 129; Com. v. Wine, 92 Pa. Superior Ct. 59; Com. v. Beer, 93 Pa. Superior Ct. 84.

In a number of such cases, the courts say that the burden shifted to defendants to satisfy the jury that the possession of the liquor was within one of the exceptions specified in the statute. Since the burden of establishing the guilt of a defendant beyond a reasonable doubt always remains on the Commonwealth, it would, perhaps, be less confusing to say, if the Commonwealth has made out a prima facie case to be submitted to the jury, that the duty of then going forward with the proof of an excusable exception is on the defendant as the actor: see Thayer, Evidence, p. 369, 370; Wigmore, Evidence, Vol. 4, Sec. 2487. But the expression has been so commonly employed in these cases as indicating the duty of the defendant to answer a prima facie case, if he can, that there is no real difficulty in understanding the sense intended. As the trial judge had instructed the jury that the burden was on the Commonwealth, on all the evidence in the case, to satisfy the jury beyond a reasonable doubt that the defendants were guilty as indicted, we do not

think that the charge gave the jury the impression that appellant suggests they might have obtained, to wit, that he must satisfy the jury beyond a reasonable doubt that his possession of the liquor was within one of the statutory exceptions, or that the Commonwealth had been relieved of its well understood burden. The decision in Com. v. Chester, 77 Pa. Superior Ct. 388, quoted in appellant's brief, does not support his argument. What was disapproved in the case (inter alia) was "a binding instruction as to the inference which must be drawn from the mere fact of unexplained possession, thirteen days after the car was stolen." Here there is no binding instruction.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.