Commonwealth *v.* Bennett, Appellant.

304

Argued March 13, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*W. C. Schrier* of *Schrier and Vallilee* and with him *E. J. Mullen,* for appellant.

*E. B. Farr,* and with him *A. F. Heess,* District Attorney, for appellee.

Opinion by James, J., October 2, 1933:

Defendant was arrested on an information charging him with various violations of the liquor laws. He was indicted on one count for the unlawful possession and on a second count for unlawful sale, offering for sale, bartering and furnishing of intoxicating liquor. The trial judge quashed the second count and the defendant was tried only for unlawful possession and was found guilty.

The first assignment of error complains that the court erred in permitting the Commonwealth to read into evidence the entire information and more particu-

larly the following: ".... the defendant unlawfully then and there did knowingly and wilfully manufacture, sell, offer for sale, barter, furnish, transport, possess and deliver and import into and export out of this Commonwealth intoxicating liquor for beverage purposes ......," because by so doing offenses, independent of the crime for which he was being tried, were brought into evidence.

At the preliminary hearing before the Justice of the Peace the information was read in full to defendant and he entered his plea of guilty. The information was not offered in evidence by the Commonwealth for the purpose of proving independent crimes but for the purpose of showing that the information was read to defendant and that he had plead guilty to the particular offense under consideration. The Commonwealth was entitled to establish the conduct and admissions of the defendant bearing upon the offense with which he was charged and, therefore, testimony relating to admissions made by the defendant at the preliminary hearing can not be considered as an attempt on the part of the Commonwealth to prove an independent and distinct offense to his prejudice.

Ordinarily, proof of independent crimes having no connection with the one on trial, can not be received unless it tends to establish the guilt of the defendant of the particular offense under consideration by the jury; though if such relation is shown, the proof is admissible. Com. v. Weston, 297 Pa. 382, 389, 147 A. 79; Com. v. Luccitti, 295 Pa. 190, 191, 145 A. 85; Com. v. Parker, 294 Pa. 144, 145, 143 A. 904; Com. v. Mellor, 294 Pa. 339, 144 A. 534. Where the offenses are so connected that proof of the one necessarily involves proving the other, such proof is admissible. Com. v. Coles, 265 Pa. 362, 108 A. 826; Com. v. Weiss, 284 Pa. 105, 130 A. 403; Com. v. Brandler, 81 Pa. Superior Ct. 585.

It was held in Com. v. Weston, supra, that the rule with reference to independent crimes does not apply to a voluntary statement made by a prisoner as to another crime as part of his confession to the police which was merely an introductory declaration of a fact made by defendant preceding his description of what had occurred at the time of the killing. In the instant case, the offer of the entire information was the natural development of the voluntary conduct of the defendant at the preliminary hearing. Although the reading of the information involved the defendant with the commission of other violations of the liquor laws than that for which he was being tried, yet the proof of other violations is so connected with proof of the unlawful possession that they necessarily involved each other, and bring the introduction of the information clearly within the rules laid down in the above authorities. This assignment of error is overruled.

Defendant's second assignment of error raises the rather novel proposition that a general plea of guilty entered by a defendant before a Justice of the Peace to an information charging him with numerous crimes is not admissible against him in a trial before a jury in the court of quarter sessions of an indictment charging him with commission of only one of them, to which indictment he entered a plea of not guilty. If this rule is in force, no admissions or pleas entered before a committing magistrate could be admitted in evidence in the trial of any indictment found for the offense charged in the preliminary hearing. The effect of the entry of a plea of guilty before a Justice of the Peace was not binding upon the defendant when he reached the court of quarter sessions, yet his conduct before the committing magistrate and admissions voluntarily made were clearly admissible upon the trial of the cause. A plea of guilty before a committing magis-

trate did not preclude him from entering a plea of not guilty upon the indictment but any voluntary act of the defendant which was responsive in the commitment proceedings would be of evidential value upon the trial of the cause. We find no authorities in our state or in other states to sustain appellant's contention but on the other hand we find authorities in other jurisdictions which clearly hold the admissibility of the testimony. 5 Enc. of Evidence 327. And that a plea of guilty before a magistrate or at a preliminary hearing is admissible on trial in court is universally recognized. Com. v. Brown, 150 Mass. 330, 23 N. E. 49, 1 R. C. L. 551. If a statement, made by a prisoner and offered in evidence against him as an inculpatory confession, was given voluntarily without either threats or promise of benefit, it is not made inadmissible because it was reduced to writing after he was sworn before the committing magistrate. Com. v. Clark, 130 Pa. 641, 18 A. 988. Clearly, if a confession made before a committing magistrate is admissible, his formal plea of guilty to the charge is admissible.

The third assignment of error complains that the trial Judge erred in using the following language in his charge to the jury: "And we say here, lest we forget it; when, in such a case, the Commonwealth has adduced proof of the possession, unlawful possession, of intoxicating liquor, the *presumption* arises that it was possessed for beverage purposes, as charged; and that presumption stands until rebutted by *proof* to the contrary." In the opinion of the court below, it appears that the complaint on the motion for a new trial related to the use of the word "presumption" instead of prima facie. That position has now been changed to a complaint against the use of the word "proof" in the last line of the quoted section.

The Act of March 27, 1923, P. L. 34, Sec. 4 (47 PS 304) reads: "...... Provided, however, That *proof*

of the possession of such intoxicating liquor shall be prima facie evidence that the same was acquired, possessed and used in violation of this act." (Italics ours.)

The act uses the word "proof" instead of what might properly be termed as evidence, and the use of the word "proof" can only be considered in the light of the language of the statute itself. In several sections of the act, the word "proof" is used as synonymous with evidence. In Section 4, titled "...... Prima Facie Evidence," it is provided: "That proof of the possession ...... shall be prima facie evidence," and Section 13, titled "Evidence ......" provides: "In any prosecution under this act when proof has been given in evidence ......, the same shall be prima facie evidence," showing clearly the legislative intent that "proof" should be regarded or construed as the evidence introduced. The word "proof" may be defined, first, as anything that serves to convince the mind of the truth or falsity of a fact or proposition; second, the conviction, assurance, or certainty generated in the mind by the presentation of evidence, but when used in a legislative sense means competent and legal evidence. In all of the authorities cited supra in discussing the second assignment of error, the word "proof" is used in the sense of evidence. In view of the language of the act in designating evidence as proof, we find no error in the court's use of that word as to the burden placed upon defendant after the proof that he was in possession of intoxicating liquor.

Appellant further complains that the language used by the court in its charge, "and that presumption stands until rebutted by proof to the contrary" placed upon the defendant a burden to establish an affirmative defense beyond a reasonable doubt. With this we can not agree. The language used by the court was

not as strong or emphatic as the language used in Com. v. Hefferman and Brodski, 96 Pa. Superior Ct. 351, wherein it was stated that the lower court charged the jury as follows (p. 353): "...... if you are convinced beyond a reasonable doubt that any of these defendants, or both of them, had in his possession the liquors which are in evidence in this case, then the burden shifts from the Commonwealth of Pennsylvania ......" As was said in that case, "...... it would, perhaps, be less confusing to say, if the Commonwealth has made out a prima facie case to be submitted to the jury, that the duty of then going forward with the proof of an excusable exception is on the defendant as the actor." Still, in view of the fact that in the instant case the trial judge instructed the jury as follows: "To support these indictments, and to convict the defendants, the Commonwealth must prove to you, beyond a reasonable doubt, that these defendants were in unlawful possession of intoxicating liquor" and "each defendant is presumed to be innocent until proven to be guilty. And to convict either one of them, you must be satisfied of his guilt, beyond a reasonable doubt," we do not think the charge gave the jury the impression that the appellant must satisfy the jury beyond a reasonable doubt that his possession of intoxicating liquor was within one of the statutory exceptions or that the Commonwealth had been relieved of its well understood burden. Com. v. Hefferman and Brodski, supra.

The judgment is affirmed. It is ordered that the defendant appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which he had not performed at the time this appeal was made a supersedeas.