## Commonwealth v. Stramara

*J. B. McGurl*, for Commonwealth.

*V. J. Dalton* and *F. A. Gallagher*, for defendant.

HOUCK, J., September 9, 1935.—Defendant was tried on nine indictments. One of them was nol prossed. He was acquitted on four and convicted on four. He moved in arrest of judgment and for a new trial, assigning nine reasons in support of the motion. None of the reasons is specific as required by Rule of Court 211 and they might well be overruled on this ground. However, since the rules are intended solely for the purpose of governing procedure in this court and cannot be binding upon an appellate court in the consideration of an appeal: Dando v. Brobst et al., 318 Pa. 325, 330; we shall consider the questions raised in defendant's brief on their merits.

Defendant was engaged in the business of dealing in second-hand automobiles, selling them as such or converting them into junk. He was charged in three of the bills on which he was convicted of receiving stolen goods. In the other bill on which conviction was had he was charged with having possession of a motor vehicle on which the serial and engine numbers were omitted, obliterated, or defaced. If the Commonwealth's evidence is to be believed, defendant acquired a large number of stolen automobiles on which he changed the numbers so that they would correspond with certificates of title which came into his possession in the regular course of his business. He was properly convicted and no contention is made that the

verdict is not fully warranted by the evidence. Certain alleged trial errors are relied upon to persuade us to grant a new trial.

The only assignments adverted to in the brief are the fifth, eighth and tenth. We take it that all others are abandoned. The fifth assignment is: "The court was in error in sustaining the Commonwealth's motion to strike out the last juror and in refusing the defense motion to discharge the entire jury." It is apparent at a glance that this assignment is not specific, but defendant contends that it raises these questions: "May the court, upon motion of the district attorney, and after both the Commonwealth and the defendant had exhausted their peremptory challenges, strike out the last of three jurors who had been irregularly called, and for no reason apparent on the face of the record, despite the fact that two of the jurors who had been called irregularly were permitted to take their places in the jury box, one of whom was challenged by the Commonwealth and the other by the defendant, thus in effect giving the Commonwealth one more challenge than is permitted by statute? Should the court have sustained the defendant's motion to discharge the entire jury by reason of the alleged irregularities in its selection?"

In this county, in order to expedite the disposal of a voluminous criminal calendar, juries, where examination on voir dire is not required, are selected in a special jury room out of the presence of the court. This jury was selected in this fashion. During the selection of the jury, Charles Shappell and James Kopp were called but were absent from the jury room and did not respond. The slips containing their names were left unfolded on the table in front of the clerk who was calling the jury. Before the jury was selected and before either side had exhausted its peremptory challenges, both jurors appeared and were placed in the jury box. Neither side made any objection. Shappell was peremptorily challenged by the Commonwealth and Kopp by the defense. Before the per-

emptory challenges were exhausted, Edward Reedy was called. He was not present in the room. The slip containing his name was placed unfolded on the table in front of the clerk and, both sides agreeing that it was not necessary to find Reedy, the selection of the jury continued. After the Commonwealth had exercised its last challenge, and before the defense exercised its last challenge, one of defendant's counsel asked the clerk whether all the jurors had answered that had been called and the clerk replied that Mr. Reedy had not answered. Reedy was then located in another room and was summoned to the jury room by the clerk. When he appeared, the clerk called him as the last juror. The Commonwealth objected to the selection of Reedy on the ground that his name had not been drawn from the box in the regular way. This objection was sustained by the trial judge. Thereupon, the defendant objected to Shappell and Kopp. Since neither of them was on the jury, both having been challenged, this objection was overruled. Then, the defendant moved for the dismissal of the entire jury because of the irregularity in calling Shappell and Kopp. This motion was also overruled, no objection having been made when the jurors were called. No contention is made that any juror who actually served on the jury was irregularly selected.

We find no merit in defendant's position. Neither Shappell nor Kopp served on the jury and this disposes of the objection to them. As far as Reedy is concerned, the manner in which he was called was irregular. When a juror's name is taken from the box and he does not respond, the slip containing his name should be discarded or it should be folded and returned to the box containing the slips. The plan pursued opens the door to fraud. It would be quite simple for a juror to absent himself by prearrangement from the jury room and then, after one side or the other has exhausted its peremptory challenges, to appear on signal in the jury room. He would then take his place on the jury without being subject to peremptory

challenge. The burden of defendant's complaint seems to be that he was deprived of the right of having Reedy serve on the jury. He had no such right. ". . . the right to have a cause tried by an impartial jury does not give a right to the service of any particular individual . . . the thing which the law especially seeks to guard is the right to reject, not to select": Commonwealth v. Henderson, 242 Pa. 372, 378. No question is raised concerning the impartiality of the jury which tried the defendant. Consequently, he could not have been harmed by anything which transpired in the selection of the jury.

The eighth and tenth assignments relate only to the bill charging unlawful possession of a motor vehicle. They do not relate to the bills which charge receiving stolen goods. These assignments are "8. The court was in error in refusing the motions of the defense for a directed verdict." "10. The court was in error in its charge to the jury in the interpretation of the law and in the explanation of the doctrine of reasonable doubt." Here again the defendant neglects to point out the specific matter which he claims to be erroneous but he says that these assignments give rise to this question: "On an indictment charging the defendant with the possession of a motor vehicle on which the manufacturer's serial number has been omitted, obliterated, or defaced, 'he, the said Sam Stramara, not being authorized by law to have in his possession motor vehicles on which the manufacturer's serial number has been omitted, obliterated or defaced,' is it incumbent upon the Commonwealth to show not only possession of such a motor vehicle, but also that the defendant was not authorized by law to possess such a motor vehicle?" The indictment was drawn under section 301 of The Vehicle Code of May 1, 1929, P. L. 905, making it unlawful to have possession of a motor vehicle on which the number has been omitted, obliterated, or defaced, "Provided, however, That this shall not affect those persons authorized by law to have in their possession motor vehicles on which the manufacturer's serial number or

engine number has been omitted, obliterated, or defaced." The trial judge charged the jury that the burden was upon the Commonwealth to establish the defendant's guilt beyond a reasonable doubt. There was absolutely no evidence on defendant's behalf that he was authorized by law to have in his possession motor vehicles on which the numbers had been defaced. Consequently, no reference was made in the charge to the proviso in the act of assembly. The defendant contends that the trial judge erred in failing to charge that it was incumbent on the Commonwealth to prove beyond a reasonable doubt that defendant was not authorized by law to have in his possession motor vehicles with defaced numbers. This contention cannot be supported. Under section 304 of The Vehicle Code of 1929, supra, licenses may be issued permitting the transfer of engine numbers. If defendant possessed such authority, or any authority, the burden was on him to prove it. Where the statute makes it unlawful for any person to do a certain thing unless he has first obtained a license, it is sufficient to warrant a conviction if the Commonwealth prove on the trial that he did the prohibited thing. It need go no further and prove a negative by showing that he had no license to do it. The burden is on the defendant to produce a duly issued license authorizing him to do it: Commonwealth v. Jobe, 91 Pa. Superior Ct. 110, 116; Commonwealth v. Freed, 106 Pa. Superior Ct. 529, 543. The same principle applies to offenses under the liquor laws. The burden is on the defendant of showing that he is within some excepted class which makes his possession legal: Commonwealth v. Hefferman et al., 96 Pa. Superior Ct. 351. As already indicated, no attempt was made to show that defendant was authorized by law to have possession of motor vehicles with defaced numbers. His defense was that he did not change the numbers and that he did not know they had been changed. This being the case, the trial judge correctly charged the jury that the defendant should be convicted if the jury was satisfied beyond a rea-

sonable doubt that he had possession of a motor vehicle on which the numbers had been omitted, obliterated, or defaced.

There is no merit in any of the reasons in support of the motion for a new trial and all of them are overruled.

And now, September 9, 1935, defendant's motion in arrest of judgment and for a new trial is overruled and defendant is directed to appear for sentence on Monday, September 16, 1935, at 10 a.m.