J-S67001-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
:
        v. :
:
THOMAS P. PEEPLES, JR., :
:
        Appellant : No. 1274 WDA 2013

Appeal from the Judgment of Sentence July 1, 2013,
Court of Common Pleas, Venango County,
Criminal Division at No. CP-61-CR-0000595-2012

BEFORE: DONOHUE, MUNDY and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED NOVEMBER 20, 2014**

Thomas P. Peeples, Jr. ("Peeples") appeals from the judgment of sentence entered following his conviction of aggravated assault, simple assault, theft by unlawful taking, and receiving stolen property.[1] Following our review, we affirm.

Peeples's convictions arise out of events that occurred during the early morning hours of September 27, 2012. Peeples and Dean Bickel ("Bickel") were involved in a physical fight outside of a bar in Oil City, Venango County. During the fight, Peeples slashed Bickel's face with a knife, causing injury to his nose and one eye. When Bickel went to the nearby Country Fair convenience store in search of a phone, Peeples fled the scene on foot. Within minutes, he hitched a ride with a passing motorist, Tanya Wimer

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2701(a)(1), 3921(a), 3925(a).

*Former Justice specially assigned to the Superior Court.

("Wimer"), and sat in the back seat of her car. During the trip, Peeples stated that he had been involved in a fight outside of a bar in Oil City. Also during the trip, Peeples stole Wimer's wallet, which had been in the back seat of her car. Wimer dropped Peeples off at a grocery store in Franklin and returned to her home. Upon entering her home, Wimer received a call from the grocery store, informing her that a man had unsuccessfully tried to use her credit cards in the store and discarded them in the parking lot.

Peeples was arrested and charged with the offenses listed above. He filed a motion to sever the charges pursuant to Pa.R.Crim.P. 583 ("Rule 583"), which the trial court denied. A three-day jury trial ensued, at the conclusion of which Peeples was convicted of all charges. He was sentenced to 39 to 78 months of incarceration. This timely appeal follows, in which Peeples challenges only the trial court's denial of his motion to sever. Appellant's Brief at 3.

"A motion for severance is addressed to the sound discretion of the trial court, and ... its decision will not be disturbed absent a manifest abuse of discretion. The critical consideration is whether the appellant was prejudiced by the trial court's decision not to sever. The appellant bears the burden of establishing such prejudice." *Commonwealth v. Mollett*, 5 A.3d 291, 305 (Pa. Super. 2010). Prejudice in this context is defined as "that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable

of separating the evidence or could not avoid cumulating the evidence."

***Commonwealth v. Boyle***, 733 A.2d 633, 637 (Pa. Super. 1999).

Rule of Criminal Procedure 583 provides that "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. When considering a motion to sever, a trial court must engage in the following analysis:

> The court must determine whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Commonwealth v. Kunkle***, 79 A.3d 1173, 1190 (Pa. Super. 2013) (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 497 (Pa. 1988)).

In the present case, the trial court found the first prong of this test satisfied based upon its determination that the *res gestae* exception to the prohibition against admission of bad acts evidence applies. The trial court concluded that this exception applied because Peeples's "actions from the time of the alleged assault occurred to the time he made the statements while riding with Wimer and stealing her wallet and credit cards amount to a continuous ongoing episode, notwithstanding the intermittent gaps in time." Trial Court Opinion, 3/6/13, at 5.

Generally, evidence of bad acts is inadmissible to prove that a defendant acted in conformity with those acts or to demonstrate a propensity to commit crimes. ***Commonwealth v. Brown***, 52 A.3d 320, 325 (Pa. Super. 2012). "However, evidence of bad acts is admissible pursuant to our rules of evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." ***Id.*** (citing Pa.R.E. 404(b)(2))[2]. In addition, "[o]ur Supreme Court has consistently recognized that admission of distinct crimes may be proper where it is part of the history or natural development of the case, i.e., the *res gestae* exception." ***Id.*** at 326.

A common example of the use of the *res gestae* exception is where evidence of prior physical abuse is admitted to establish a pattern of events

---

[2] This rule provides, in relevant part, as follows:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

leading up to a victim's murder. *See Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009) (holding that evidence that appellant had a history of beating victim relevant to help establish chain of events and pattern of abuse that eventually led to the fatal beating); *Commonwealth v. Drumheller*, 570 Pa. 117, 808 A.2d 893 (2002) (providing that evidence of multiple protection from abuse petitions filed by victim against appellant over three years leading to victim's murder admissible to show history and natural development of case); *Commonwealth v. Walker*, 656 A.2d 90, 99 (Pa. 1995) ("[E]vidence of appellant's repeated abuse of Lisa Johnson and threats were admitted for the purposes of proving not only appellant's malice, motive and intent to kill, but also to show the natural progression of the events leading up to the murder.").

This exception is also commonly used to permit the admission of evidence of bad acts that bear a causal relationship to the commission of the charged offense. For example, in *Commonwealth v. Coles*, 108 A. 826 (Pa. 1919), the appellant and three compatriots entered a bar and began acting recklessly with the firearms they were carrying; of note, the appellant pointed a loaded firearm at the bartender and attempted to pull the trigger, but the firearm would not fire. One of the appellant's friends then began to fire his gun, shooting at least one person. Appellant and his friends fled, and approximately 15 minutes later, killed a man who interfered with their escape. At trial, evidence of the incidents in the bar was admitted over the

appellant's objection. Our Supreme Court found that the *res gestae* exception applied to allow evidence of the reckless conduct in the bar, reasoning as follows:

> Evidence is necessarily admissible as to acts which are so clearly and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances, and so could not be excluded on the presentation of the case before the jury without the evidence being rendered thereby unintelligible.

> ***

> The testimony in the present case touching the earlier occurrence in the saloon, although it disclose an offense there committed by the appellant and his associates other than the offense with which they were charged in the indictment, was not offered to prove the commission of the earlier offense, but was offered as part of the res gestae of the crime of which he was charged and convicted, the felonious killing of George Williams within 15 minutes at most after the occurrence at the saloon and at a place they reached in their flight to escape arrest about a city square distant. The killing of Williams followed almost immediately upon the arrival of the defendant and his three associates at the place where they came together. The sudden arrival of four men at that point with no ostensible object or purpose, the arrest of the flight by the intervention of the officer of the law, who was immediately killed thereafter by one of them while he was attempting to disarm another—these facts and others equally pertinent having a direct bearing on the question of defendant's guilt would have been left wholly unexplained on the trial except as the testimony in regard to the occurrence at the saloon had been admitted. The two offenses were shown to have been so related in point of time and distance

- 6 -

> separating them as to make the earlier occurrence part of the *res gestae* attending the murder.

*Id.* at 826-28.

It is clear in these cases that evidence of the prior bad acts helped to establish the "chain or sequence of events which formed the history of the case" and that they were part of the natural development of the crime. *Commonwealth v. Walker*, 656 A.2d 90, 99 (Pa. 1995). However, in the present case, the crimes at issue do not provide a history or sequence of events that help to understand the natural development of each other. The theft of Wimer's wallet does not, in any way, complete the story of Peeples's assault on Bickel. Conversely, evidence regarding the assault is not relevant to the history or natural development of the case regarding the theft of Wimer's wallet. That is to say, nothing that occurred prior to Peeples accepting a ride from Wimer bears any relevance as to the commission of the theft of Wimer's wallet; Peeples could have been looking for a ride back to Franklin for any number of reasons, none of which would be at all relevant to the "natural development of the case" regarding the theft of the wallet. The *res gestae* exception does not apply in this case, as the trial court erred in concluding otherwise.

Nonetheless, we conclude that Peeples is not entitled to relief. As stated above, "the critical consideration" for our review "is whether [Peeples] was prejudiced by the trial court's decision not to sever." ***Commonwealth***

*v. Mollett*, 5 A.3d at 305. Peeples has not alleged, much less proved, that "the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence." *Boyle*, 733 A.2d at 637. Further, we can discern no such prejudice. The record reveals abundant evidence of Peeples's guilt as to both crimes that would support his convictions if the charges had been severed. For instance, Bickel testified that after he and Peeples were left behind at the bar by their other friends, Peeples instigated the fight between them. N.T., 5/13/13, at 54. Bickel further testified that he grappled Peeples to the ground, tried to calm him down, and released Peeples after Peeples agreed not to continue to fight. *Id.* at 54-57. Bickel testified that immediately upon releasing Peeples, Peeples "sprang up immediately" and hit him in the face with the pocket knife that Peeples was known to carry. *Id.* at 57. Bickel testified that Peeples slashed him "from the corner of [one] eye all the way down to the tip of [his] nose." *Id.* at 58. The knife nicked Bickel's eyeball and damaged his nose to the point that it required a plastic surgeon to reassemble. *Id.* at 58, 62-63. Linda Beach ("Beach") was another member of the group with Bickel and Peeples that went to the bar together on the night in question. *Id.* at 13. She testified that their friend Eric Smith ("Smith") drove everyone to the bar in his van. *Id.* at 14, 19. Beach further testified that Peeples left the bar before the rest of the group, and

when the remaining members exited the bar, Peeples had absconded with Smith's van. *Id.* at 20. When Peeples returned, he and Smith argued over the fact that Peeples had taken the van. Smith ultimately drove away, leaving both Peeples and Bickel in the bar's parking lot. *Id.* at 20-24. As Smith drove to Franklin, another member of the group received a phone call. *Id.* at 24. Beach recognized Bickel's voice as the caller and heard him say, "Why'd you do that, [Peeples]?" before the phone went dead. *Id.* at 24-25. Bickel called Smith's phone shortly thereafter, and he told Smith that Peeples had just stabbed him and asked Smith to pick him up. *Id.* at 25. With regard to the theft of Wimer's wallet, Peeples admits stealing it, attempting to use her debit and credit cards at the grocery store, and then discarding them in the parking lot. N.T., 5/14/13, at 137.[3] These events are so distinct that there is little chance that the jury cumulated the evidence or could not separate it. Further, the evidence of bad acts was limited only to the crimes for which Peeples was on trial; as such, there is little risk that Peeples was convicted solely based upon a perceived propensity to commit crimes. Because Peeples has failed to establish that he was prejudiced by the trial court's failure to sever the charges, his claim does not succeed. *Commonwealth v. Uderra*, 706 A.2d 334, 339 (Pa. 1998) (holding that the failure to demonstrate prejudice by the denial of

---

[3] Indeed, in his brief on appeal, Peeples states that he always admitted his guilt as to the theft and never intended to defend against the theft related charges. Appellant's Brief at 10.

motion to sever coupled with overwhelming evidence of guilt precludes finding of abuse of discretion by the trial court).

Judgment of sentence affirmed.

Mundy and Fitzgerald, JJ. concur in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2014