ERWIN O. BODE v. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1907.   No. 14,951.

1. **Embezzlement: INFORMATION.** In a prosecution for embezzlement under section 124 of the criminal code, it is not necessary to allege in the information that the city whose funds are embezzled is an organized city.

2. ———: ———. Information examined, its substance stated, and *held* not vulnerable to the objection that "it fails to allege that the accused embezzled and converted the public money in question while holding it as city treasurer."

3. **Criminal Law: INSTRUCTIONS.** Instructions must be considered and construed together, and if then they correctly announce the rule applicable to the issues and evidence they will be upheld, even though a single paragraph standing alone might be faulty.

4. ———: EVIDENCE. In a prosecution for embezzlement, or other crime, where the books, records, papers and entries are voluminous and of such a character as to render it difficult for the jury to arrive at a correct conclusion as to amounts, an expert accountant may be allowed to examine such books, etc., and testify as to the result of his examination, and as to particular entries therein, shown to be in the handwriting of the defendant, when such books are in the courtroom subject to inspection by the accused, and the particular entries are also introduced in evidence.

5. ———: ADMISSIONS. Voluntary admissions or confessions of the accused tending to establish his guilt may usually be received in evidence against him, and the fact that such admissions contain statements tending also to show the commission of an offense other than the one for which the defendant is on trial does not render them inadmissible.

6. Evidence examined, and *held* sufficient to sustain the verdict.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*F. Martin and E. Ferneau,* for plaintiff in error.

*W. T. Thompson, Attorney General, Grant G. Martin* and *R. C. James, contra.*

BARNES, J.

Erwin O. Bode was prosecuted for the crime of embezzlement as defined by section 124 of the criminal code. His trial resulted in a conviction, and from the judgment and sentence of the district court he brings the case here for review.

The defendant's first contention is, in substance, that the information on which he was tried is fatally defective, in that it fails to charge that the money in question belonged to an organized city. There is no merit in this contention. The use of the word "organized" in the statute qualifies the word "city" and is mere surplusage, since a city must be organized in order to be a city, a distinct entity, capable of owning property susceptible of embezzlement. Again, where a city is organized by special legislative act, the courts will take judicial knowledge of such organization. In *People v. Potter,* 35 Cal. 110, which was a prosecution for embezzlement, it was said: "A legislative act by which a city is incorporated is a public act of which courts are bound to take judicial notice." The city of Falls City was organized by a special act of the legislature of the then territory of Nebraska, which was approved February 12, 1867, and has ever since said date been exercising the powers and duties of an organized city of its class. This being true, the information which charges that the money in question belonged to the city of Falls City, Nebraska, in effect alleges that it was the money of an organized city. Section 412 of the criminal code provides: "No indictment shall be deemed invalid * * * for want of the averment of any matter not necessary to be proved," and proof of the organization of the city of Falls City was unnecessary. It therefore follows

that the omission of the allegation mentioned does not affect the validity of the information.

The second objection urged against the information is that it fails to allege that the defendant embezzled and converted the money in question to his own use while holding it as city treasurer. The information alleges that the accused was the city treasurer of Falls City from September 27, 1902, to May 3, 1906, and that on or about the 2d day of May, 1906, in Richardson county, state of Nebraska, then and there being, and then and there as such officer being charged with the collection, receipt, safekeeping, transfer and disbursement of the public moneys of the said city of Falls City, the defendant did then and there fraudulently, unlawfully and feloniously convert to his own use and embezzle the sum of $6,000 of said public money, the property of said city of Falls City, which said money had then and there come into the possession and custody of the said defendant by virtue of said office, and in the discharge of the duties thereof. So it clearly appears that the information is not open to this criticism.

Defendant's third contention is that the court erred in giving the seventh paragraph of the instructions requested by the state, which reads as follows: "The court instructs you that it is not necessary for the state to prove what has become of the city money, if you believe that any of such money has been diverted by the defendant. It is not essential for the state to show you what the defendant did with said money. It is only necessary that the state prove to you, beyond a reasonable doubt, that the defendant was the city treasurer during the time intervening between September 27, 1902, and May 2, 1906, and that, while such treasurer, money came into his possession as such city treasurer which he has not accounted for, and which he has failed and refused to turn over to the proper officer of the city at the expiration of his term of office. If you believe these facts from the evidence, beyond a reasonable doubt, then you are instructed that it makes no difference

what the defendant may have done with the money." The basis of defendant's criticism is that the court attempted to cover the whole case by this instruction, and the argument proceeds upon the theory that many elements necessary to constitute the crime charged are omitted therefrom. If defendant's criticism was true, his point would be well taken; but a reading of the whole charge clearly shows that there was no attempt to cover the entire law of the case by this instruction. The purpose was, as appears from the paragraph itself, to inform the jury that if they found, beyond a reasonable doubt, that the defendant had, while city treasurer of Falls City, obtained public money belonging to said city and had not accounted for it, and had failed and refused to turn it over to his successor at the expiration of his term, it was immaterial what particular use he had made of it. In other paragraphs of the instructions all of the elements of the crime with which the defendant was charged were clearly and specifically set forth. So it appears that the jury must have understood the purpose of the instruction complained of and could not have been misled thereby. Such an instruction standing alone may have been faulty, in that it was incomplete and did not cover all of the elements of the offense. Yet, when we consider it with the remainder of the charge, it could not result in any prejudice to the defendant, and the giving of it was not reversible error. *Carleton v. State*, 43 Neb. 373; *Bartley v. State*, 53 Neb. 310.

It is also contended that the court erred in giving the ninth paragraph of the instructions requested by the prosecution. Practically the same objections are made to this request that were urged against the one just quoted. What we have said as to the giving of that instruction disposes of this contention, and it will receive no further consideration.

It is further claimed that the court erred in permitting the witness Wiggins to testify to the contents of the books of the city treasurer's office; to single items therein, and

to his conclusions therefrom. An examination of the bill of exceptions convinces us that this objection is without merit. Wiggins was a qualified expert accountant, and as such made an examination of the city treasurer's books which the defendant kept during his term of office, and turned over to the witness for that purpose. He testified as to the result of his investigation, and, when he was questioned about particular entries, and objection was made, the entries themselves were put in evidence. His examination was conducted and his evidence was given along the lines approved in *Bee Publishing Co. v. World Publishing Co.*, 62 Neb. 732, and *Mendel v. Boyd*, 71 Neb. 657. The same may be said generally of the evidence of the witness Holland, of which complaint is also made. It is further claimed, however, that the evidence of Holland and one Jussen was prejudicial, because it appeared that they were liable on the defendant's official bond. The record shows that, when that matter was sought to be inquired into, the court excluded the evidence, and Jussen was only permitted to testify to what occurred in the presence of the accused and his own voluntary statements as to what use he had made of the city's money. Usually defendants' own admissions and confessions are competent evidence against him; so that we find no error in receiving the evidence complained of.

By his supplemental brief the defendant contends that the court erred in permitting the witness Holland to testify that the defendant told him he had paid certain school district warrants, and had afterwards sold them and placed the money thus obtained to the credit of E. O. Bode & Son. It is argued that this was evidence of a distinct crime other than the one for which the defendant was being tried. We do not think this contention is tenable. Holland testified to a certain conversation between himself, one Jussen and the defendant, and the statement of which complaint is now made was a part of that conversation. It is difficult to see how the statement objected to could have been eliminated and the remainder of the ad-

mission or confession of the defendant introduced in evidence. His whole statement related to his alleged defalcation, and as such was properly received.

It is further claimed that the court erred in refusing to give the ninth instruction requested by the defendant. The substance of this request was that the verbal admissions of the defendant, if any, should be viewed by the jury with great care, that "they may be evidence of very little value, depending upon the circumstances surrounding the making of the admission whether the person in speaking was understood just as he meant it, that the meaning of what was said was fully and properly understood by the person who heard it." There may be cases where an instruction of this nature would be proper and perhaps necessary, but such is not the case here. The defendant's admissions were clear, distinct and unequivocal, and it was not claimed on the trial that he had not made them in the manner and form related by the witnesses, or that they were made doubtful in meaning, or had been misunderstood. So there was no reason or necessity for the instruction, and the defendant could not have been prejudiced by the court's refusal to give it.

Finally, it is contended that the verdict is not sustained by sufficient evidence. Of this assignment it is sufficient to say that the record shows beyond a reasonable doubt that the defendant was city treasurer of Falls City, Nebraska, from the 27th day of September, 1902, to the 2d day of May, 1906; that, while acting as such officer, he received and obtained possession of the public funds, money belonging to said city, amounting to $6,065.76, which he failed, neglected and refused to account for and turn over to his successor in office upon a proper demand therefor.

So, finding no reversible error in the record, the judgment of the district court is

AFFIRMED.