I concur except as to the point on which the case is reversed. The corroborating witness testified to certain admissions made to him by the defendant to the effect that the prosecuting witness Thomas had been in his room. We all agree that this testimony is relevant and material. What divides us is the question of admissibility of testimony as to defendant's conduct toward the corroborating witness immediately before and at the time of making the statement about his friend Thomas. The witness testified that defendant invited him to his room, and when they arrived there the defendant commenced loving and kissing him and took down his pants; that he resisted, and "he (the defendant) told me he would not hurt me; that Thomas had been there before." This language alone does not give a complete picture of the defendant's admission to the witness. What did he mean by saying he would not hurt the witness? What was the significance of his reference to Thomas having been there before? That which he did or attempted to do to the witness explains and makes significant what he said. Defendant's conduct characterized and gave meaning to his words. The whole transaction, including words and actions, speak an admission by the defendant of his relations with Thomas, that he had done to Thomas what he was attempting *Page 50 
to do to the witness. Ordinarily when an admission by a party is relevant and material the whole of it is admissible and not merely a part. Bode v. State, 80 Neb. 74, 113 N.W. 996. It is objected that the testimony tends to show the commission of another offense similar to that charged in the information. The rule is well settled that if evidence is relevant it is not rendered inadmissible because it proves or tends to prove another and distinct offense. 8 R.C.L. 199; 16 C.J. 638; Miller v.United States (C.C.A.) 47 F.2d 120; State v. Edelstein,146 Wn. 221, 262 P. 622; State v. Reilly, 184 Minn. 266,238 N.W. 492; State v. Madigan, 57 Minn. 425, 59 N.W. 490;Taylor v. Commonwealth, 92 S.W. 292, 28 Ky. Law Rep. 1348;State v. Shtemme, 133 Minn. 184, 158 N.W. 48; Commonwealth
v. Madeiros, 255 Mass. 304, 151 N.E. 297, 47 A.L.R. 962. The state elicited evidence of defendant's conduct before and at the time of speaking the words which admit relations with the complaining witness for the sole purpose of showing that defendant admitted relations, not of ordinary friendship, but of a criminal nature with Thomas Edwards. There was no proof of the commission of another or distinct offense. Whether a similar offense was committed with the corroborating witness such as alleged to have been committed with the prosecuting witness is not directly disclosed by the evidence.
I think no error was committed and the judgment should be sustained.