C. J. ADAMS V. STATE OF NEBRASKA.

294 N. W. 396

FILED OCTOBER 18, 1940.  No. 30985.

*J. E. Willits,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke,* contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

Plaintiff in error, C. J. Adams, hereinafter referred to as defendant, prosecutes error from his conviction and sentence under the provisions of section 28-547, Comp. St. 1929. This section was originally enacted as independent legislation, was approved February 25, 1875, and is as follows:

"If any bailee of any money, bank bill or note, goods or chattels shall convert the same to his or her own use, with an intent to steal the same, he shall be deemed guilty of larceny in the same manner as if the original taking had been felonious; and on conviction thereof shall be punished accordingly."

Defendant challenges the sufficiency of this act to sustain the conviction for the reasons, that it is in fact, though not in form, an "attempted" amendment of the larceny statute therein referred to (citing *Sovereign v. State*, 7 Neb. 409, and *Smails v. White*, 4 Neb. 353); that there has been no compliance with the Constitution relative to enactment of amendatory legislation; that the same is without force and effect; and that the penalty affixed to another section of the statute in defining an offense cannot be affixed to such section 28-547 except by amendment of the other section, 28-511. This contention cannot be accepted. The effect of the language employed, as above quoted, is not to amend the larceny statute (section 28-511), or to incorporate therein section 28-547, but rather to incorporate in section 28-547, by reference, the penalty provisions of section 28-511 only.

This conclusion is based upon the well-established principle that "A statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute. Where, however, the adopted statute is referred to merely by words describing its general character, only those parts of it which

are of a general nature, or particularly relate to the subject of the adopting statute, will be considered as incorporated into the later." 59 C. J. 1059.

The part of section 28-511 which particularly relates to the subject of the adopting statute is its penalty provisions, and these are, by reference, incorporated in section 28-547 as effectually and completely as if they "had been written into the adopting statute."

Our own decisions are in harmony with the conclusion thus announced. In the case of *In re Estate of Mathews,* 125 Neb. 737, 252 N. W. 210, we held:

"A statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or part thereof adopted had been written into the adopting statute."

See, also, *Sheridan County v. Hand,* 114 Neb. 813, 210 N. W. 273; *Richardson v. Kildow,* 116 Neb. 648, 218 N. W. 429; *State v. Ure,* 91 Neb. 31, 135 N. W. 224.

It would seem that the contentions under consideration are wholly foreclosed by the doctrine announced in *Frades v. State,* 131 Neb. 811, 270 N. W. 314, wherein we held:

"The offense of larceny by bailee is defined in section 28-547, Comp. St. 1929. The sentence is fixed by the general statute on larceny, section 28-511, Comp. St. 1929.

" 'The gist of the offense in such a prosecution (for larceny as bailee) is the conversion of the property without the knowledge and consent of the owner thereof with the intent to steal the same.' *Ford v. State,* 46 Neb. 390, 64 N. W. 1082."

The evidence in this case, if believed by the triers of fact, discloses beyond a reasonable doubt that Rufus A. Porter, then a railway employee, indorsed a check of $79.96, received for wages, and delivered the same to defendant Adams for the latter to cash and return the proceeds thereof to Porter, who was to take up his cash on the same evening; that Adams cashed the check and not only failed to deliver the proceeds to Porter, the owner thereof, but absconded and converted the same to his own use. Under these facts,

one entrusted with a check to cash and to return the proceeds to the owner, having cashed the check and received the proceeds in cash, is a bailee of such proceeds, within the meaning of section 28-547, Comp. St. 1929, and if these proceeds are converted by this bailee to his own use with intent to steal the same, the bailee is guilty of a violation of the section referred to.

See *State v. Dohn,* 216 Wis. 367, 257 N. W. 21; *State v. Carr,* 118 N. J. Law, 233, 192 Atl. 36; *Commonwealth v. Weddle,* 176 Ky. 780, 197 S. W. 446; *State v. Fraley,* 71 W. Va. 100, 76 S. E. 134; *Ford v. State,* 46 Neb. 390, 64 N. W. 1082; *Larson v. State,* 107 Neb. 800, 186 N. W. 981; *Frades v. State,* 131 Neb. 811, 270 N. W. 314.

The defendant challenges as erroneous the action of the trial court in admitting over objections evidence that, on the same day that the Porter check was received by defendant, other checks from other employees of the railway were likewise received by the defendant for the purpose of cashing them and returning the funds so received to the owners of the checks cashed, and that these funds were likewise unlawfully converted by defendant to his own use. In a case involving similar principles this court employed the following language, viz.:

" 'The general rule is that evidence of the participation by an accused person in the commission of a crime, other than that for which he is placed on trial, cannot ordinarily be admitted in evidence against him. But the rule has its exceptions·which are as well established as the rule itself, and may be applied in a given case, not to establish the other crime but as confirmatory of the evidence tending to show the commission by defendant of the crime for which he is being tried.' *Welter v. State,* 112 Neb. 22.

"Whether proof of the unlawful conversion of goods by defendant, for which he was not informed against, tended to prove the unlawful conversion of goods, which he was charged with having converted, is a question of fact for the jury. *Welter v. State,* 112 Neb. 22." *Smith v. State,* 114 Neb. 445, 208 N. W. 126. See, also, *Davis v. State,* 58 Neb.

465, 78 N. W. 930; *State v. Routzahn,* 81 Neb. 133, 115 N. W. 759; *Bode v. State,* 80 Neb. 74, 113 N. W. 996; *Buckley v. State,* 131 Neb. 752, 269 N. W. 892.

It follows that the introduction of the evidence objected to was proper and the instructions of the trial court relating thereto, challenged by the defendant, are approved.

The defendant insists that reversible error was committed when the county attorney who prosecuted the case, in his opening statement to the trial jury, employed the following language: "And the evidence will further show that in county court he (the defendant) pleaded guilty to the charge and later changed his plea in this court." The proceeding in the county court referred to by the county attorney was not a trial of the defendant but a preliminary examination accorded him in the county court on the charges then before the district court. The record further discloses that the state sought to establish how defendant pleaded at his preliminary examination but on objections of defendant this evidence was excluded. Later the defendant was called as a witness in his own behalf and testified on his examination in chief, without objection, as follows: "A. Then they took me down before Judge Bohkle right after I left that room there and I plead guilty to the charges that was preferred against me that morning before Judge Bohkle in County Court; but I still said I didn't want to plead guilty to embezzlement because I didn't think it should be the right charge to prefer against me. I also told them I was willing to come up and plead guilty to the charge of breach of trust. Q. Following that you were arraigned in this court here? A. Yes, sir. Q. What did you plead up here? A. Not guilty to both counts." It would seem when the defendant voluntarily testified before the trial court to the truthfulness of the statement made by the county attorney in his opening statement to the jury, any claim of error based upon the making of the statement must be deemed to have been waived.

Still, counsel for defendant insists that the county attorney should not make statements in the presence of the jury

in relation to prejudicial facts which are incompetent to be proved; and that the so-called plea of guilty entered by the defendant at the time of his preliminary examination in the county court was incompetent evidence and therefore its recital by the county attorney in the instant case resulted in a miscarriage of justice. *People v. Bigge,* 288 Mich. 417, 285 N. W. 5, is cited in support of this contention. But the facts in the *Bigge* case did not in any way involve a change by a defendant of a plea of guilty to one of not guilty, and therefore as an authority the case is not in point. The statement in the opinion in the *Bigge* case, on which defendant relies, made arguendo, and found not in the opinion of the supreme court of Michigan but in a concurring opinion by Justice Potter, is as follows: "If defendant, on arraignment upon the information filed against him, *had pleaded guilty in the circuit court and subsequently changed his plea* and gone to trial, his plea of guilty would have had greater evidentiary value than his alleged admission by silence. Had he pleaded guilty and then changed his plea, the people could not upon the trial of the case have introduced in evidence, as an admission binding on him, his former plea of guilty." (Italics ours.) In support of this statement as an entirety is cited every authority on which the defendant relies, which, in addition to texts, include *People v. Ryan,* 82 Cal. 617, 23 Pac. 121, and *Kercheval v. United States,* 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009. In each of the cases cited we find the record discloses, first, the due entry with the consent of the trial court of a plea of guilty; second, the withdrawal of the plea of guilty with the consent of the trial court and defendant's pleading not guilty in lieu thereof. The cases last referred to support the rule that a plea of guilty withdrawn by leave of court is not admissible on the trial of the issue arising on the substituted plea of not guilty. But this rule is far from uniform. Well-reasoned cases support the opposing doctrine. 4 Wigmore, Evidence (3d ed.) sec. 1067; *People v. Steinmetz,* 240 N. Y. 411, 148 N. E. 597; *State v. Carta,* 90 Conn. 79, 96 Atl. 411; *United States v. Alonso,* 8 P. I. 78; *State v. Bringgold,* 40 Wash. 12,

82 Pac. 132. But which of the two well-established rules is for adoption in this jurisdiction is not now for determination by us, for the facts in the instant case do not in any manner invoke the application of the rule now under consideration. In the case at bar defendant Adams was accorded the privilege, the right, of a preliminary examination. Upon inquiry as to whether he was guilty of the crime with which he was charged in the complaint, he voluntarily stated to the magistrate that he was guilty, and by so doing, to the extent of the admission made, he waived the swearing and examination of witnesses, waived the right given him by statute to have the county judge make a judicial inquiry as to whether the crime of larceny by bailee had been committed, and as to whether the accused probably committed it. What he said and did, did not amount to technically entering a plea of guilty, but it was the admission of facts supporting the charge embraced in the complaint. The preliminary examination provided for by the Criminal Code is in no sense a trial of the person accused. When one is charged with having committed a crime, is arrested, and brought before a magistrate, it is not essential that he should be asked to plead, or plead to the complaint. *Latimer v. State,* 55 Neb. 609, 76 N. W. 207. It cannot be said that a technical plea of guilty was entered in the instant case in the county court, for the reason that such a course was not contemplated by the statute, and the magistrate had no jurisdiction to consent thereto or enter the same. Therefore, the rule of exclusion, on which the defendant relies in the instant case, would have no application whatever, but any statement or recital of facts made at the time of the preliminary examination would, as a confession or admission against interest, be competent evidence at a subsequent trial of the defendant in a court of competent jurisdiction.

In consideration of the authorities on which defendant relies, it is to be noted that they are concerned only with formal pleas of guilty made and entered with consent of trial courts of competent jurisdiction. They are in no manner concerned with other forms of confession made to com-

mitting magistrates or other persons in authority. A rule of law must be deemed limited to the subject-matter in which it originates. Besides, "The general rule is that a plea of guilty to a criminal offense on arraignment before a committing magistrate is admissible against accused as a confession, on the trial of the indictment for the offense." See note under *State v. Carta,* L. R. A. 1916E, 641. See, also, in support of this statement, the following: *Territory v. Charman,* 18 Haw. 46; *Rector v. Commonwealth,* 80 Ky. 468; *Commonwealth v. Brown,* 150 Mass. 330, 23 N. E. 49; *People v. Gould,* 70 Mich. 240, 38 N. W. 232, 14 Am. St. Rep. 493; *Green v. State,* 40 Fla. 474, 24 So. 537; *State v. Briggs,* 68 Ia. 416, 27 N. W. 358; *State v. Blay,* 77 Vt. 56, 58 Atl. 794; *Rice v. State,* 22 Tex. App. 654, 3 S. W. 791; *Commonwealth v. Ervine,* 8 Dana (Ky.) 30; *People v. Jacobs,* 165 App. Div. 721, 151 N. Y. Supp. 522; *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132.

It follows that in the instant case the so-called plea of guilty to the complaint in the county court was, when properly presented as a confession or declaration against interest, competent evidence and admissible against the defendant on the trial of the information filed against him in the district court; and that no error was committed by the county attorney in referring to the same in his opening remarks to the trial jury.

The evidence contained in the record before us is ample to sustain the verdict rendered, and the sentence imposed, in the light of the record as an entirety, we do not find excessive.

The judgment of the district court is, therefore,

AFFIRMED.