STATE OF NEBRASKA, APPELLEE, v. RAY W. SNELL,
APPELLANT.
128 N. W. 2d 823

Filed June 12, 1964. No. 35680.

Dean L. Donoho, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The defendant, Ray W. Snell, was convicted of leaving the scene of a personal injury accident in violation of section 39-762, R. R. S. 1943. His motion for new trial was overruled and he has appealed.

The defendant assigns as error the insufficiency of the evidence to sustain the conviction, the failure to grant a mistrial for misconduct of the county attorney, the admission of certain evidence, the failure to give instructions requested by the defendant, and the giving of certain instructions by the trial court upon its own motion.

Section 39-762, R. R. S. 1943, provides as follows: "The driver of any vehicle involved in an accident upon either a public highway, private road, or private drive, resulting in injury or death to any person, shall (1) immediately stop such vehicle at the scene of such accident, (2) give his name, address, and the registration number of his vehicle and exhibit his operator's or chauffeur's

license to the person struck or the driver or occupants of any vehicle collided with, and (3) render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person. Any person violating any of the provisions of this section shall upon conviction thereof be punished as provided in section 39-763."

The State produced evidence that on October 21, 1962, at approximately 1:10 a.m., Vern C. Omer, a state safety patrolman, had stopped a motor vehicle on U. S. Highway No. 20 at a point approximately 3½ miles east of Crookston in Cherry County, Nebraska. The motor vehicle which patrolman Omer had stopped was parked on the highway near the south edge of the paved portion of the highway. The patrol vehicle was parked to the rear of the motor vehicle which had been stopped and the right wheels of the patrol vehicle were 2 or 3 feet onto the south shoulder of the highway. Both vehicles were headed east. The headlights on both vehicles were lighted and the blinker lights on the patrol vehicle were turned on. As patrolman Omer was preparing to get out of the patrol vehicle, a 1957 bluish-green Chevrolet coming from the west struck the left rear of the patrol vehicle, forcing it forward and into the rear of the motor vehicle which was parked in front of the patrol car. The collision resulted in severe damage to both the front and rear of the patrol vehicle and patrolman Omer received neck and back injuries in the accident.

The 1957 Chevrolet which collided with the patrol vehicle did not stop but continued to the east on U. S. Highway No. 20. Patrolman Omer called Valentine, Nebraska, by radio and reported the accident. He gave a description of the 1957 Chevrolet which had collided with the patrol vehicle and requested assistance to stop that automobile. The Cherry County sheriff's office

then notified G. D. Essley, a state safety patrolman, that the accident had occurred.

Patrolman Essley talked with patrolman Omer by radio and received a description of the automobile that had collided with the patrol vehicle. At approximately 1:25 a.m., patrolman Essley observed the defendant driving a 1957 blue Chevrolet east on U. S. Highway No. 20. Patrolman Essley and the sheriff stopped the defendant at a point approximately 2 miles west of Valentine, Nebraska. The right front of the defendant's automobile was severely damaged and only the left headlight was operating. The defendant was the only person in the automobile and he appeared to be intoxicated. The defendant was arrested and taken to Valentine.

The evidence which has been summarized, although circumstantial, was sufficient, if believed, to sustain a finding that the defendant was guilty of a violation of section 39-762, R. R. S. 1943. The defendant produced evidence which tended to show the contrary. The result is that it was a question for the jury as to wheher the defendant was guilty as charged. It is not the province of this court in a criminal case to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. State v. Nichols, 175 Neb. 761, 123 N. W. 2d 860.

In his opening statement the county attorney advised the jury that the defendant had been charged with operating a motor vehicle while under the influence of alcoholic liquor and with leaving the scene of a personal injury accident, and that the defendant had appeared in court and entered a plea of guilty to both counts. The defendant immediately moved for a mistrial, but the motion was overruled.

During the trial patrolman Essley was allowed to testify, over objection, that the defendant had pleaded guilty in the county court to driving while under the influence of intoxicating liquor and leaving the scene of a

personal injury accident. The defendant contends that this evidence was not admissible, that the defendant's objection to the evidence should have been sustained, and that it was misconduct for the county attorney to refer to this evidence in his opening statement.

If the evidence was admissible, it was not misconduct for the county attorney to refer to it in his opening statement. If the evidence was not admissible, it was highly prejudicial to the defendant and the judgment must be reversed. Consequently, the only question which requires consideration here is whether the evidence was admissible.

Under the previous decisions of this court, the testimony in question would be admissible. A voluntary statement made by the defendant at a preliminary examination before a magistrate is admissible as an admission or confession at a subsequent trial. Adams v. State, 138 Neb. 613, 294 N. W. 396. Evidence that the defendant admitted that he was driving while under the influence of intoxicating liquor at the time the accident occurred would be admissible as a circumstance tending to show a reason for not stopping at the scene of the accident. Where the guilt of a defendant depends upon the intent, purpose, or design with which the act was done, or upon guilty knowledge thereof, collateral facts in which he bore a part occurring before and leading up to the transaction complained of may be examined for the purpose of establishing such guilty intent, design, purpose, or knowledge, even though such facts show the commission of another crime. Yost v. State, 149 Neb. 584, 31 N. W. 2d 538.

In a recent decision, White v. State of Maryland, 373 U. S. 59, 83A S. Ct. 1050, 10 L. Ed. 2d 193, the United States Supreme Court reversed a judgment of the Maryland Court of Appeals where the State had been allowed to prove that the defendant had entered a plea of guilty when brought before a magistrate for a preliminary hearing. The court held that because the defendant

was not represented by counsel at the appearance before the magistrate, he was unable to plead intelligently, and that the admission of the evidence as to the plea of guilty required that the judgment be reversed.

The record in this case shows that the trial court appointed counsel for the defendant upon his application and affidavit that he was indigent after the information had been filed in that court. There is evidence that in the county court the county attorney advised the defendant that he had a right to counsel and that the defendant said "he didn't care for counsel." There is no evidence that the defendant was advised that he was entitled to counsel at the expense of the State, and our statute does not provide for the appointment of counsel until after the filing of an information. § 29-1803, R. S. Supp., 1961. See, also, Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716; Roberts v. State, 145 Neb. 658, 17 N. W. 2d 666.

We think that the record fails to show affirmatively an effective waiver of the right to counsel by the defendant in the county court. See Carnley v. Cochran, 369 U. S. 506, 82A S. Ct. 884, 8 L. Ed. 2d 70. In the absence of a showing that the defendant was represented by counsel, or of an effective waiver of the right to counsel, evidence that the defendant entered a plea of guilty in the county court was not admissible. White v. State of Maryland, *supra*.

Upon direct examination, the defendant testified that he had pleaded guilty to being drunk when he was in the county judge's office. This testimony was a waiver of any error in respect to the admission of evidence as to his plea of guilty to the charge of driving while under the influence of intoxicating liquor. Adams v. State, *supra*. It was not a waiver of the error in the admission of the evidence as to his plea of guilty to the charge of leaving the scene of a personal injury accident, and the judgment must be reversed.

Upon direct examination of patrolman Essley the following occurred:

"Q Now, based upon your investigation of—and the accident, did you request that charges be filed against the defendant? A Yes, I did.

"MR. DONOHO: Now, move for a mistrial, because of the improper question of the county attorney. * * *

"THE COURT: The objection which was made just prior to the recess is overruled. I guess it was a motion. Overruled.

"Very well."

The fact that patrolman Essley requested the county attorney to file charges against the defendant was not relevant to any issue in the case. However, no objection was made until after the question had been answered and the defendant did not move to strike the answer. A defendant may not predicate error on the admission of evidence to which no objection is made at the time it is offered. State v. Henry, 174 Neb. 432, 118 N. W. 2d 335. Although the evidence was not properly admissible, it was testimony concerning a fact which was obvious in view of the other evidence in the case and it was not of a prejudicial nature. The motion for a mistrial was properly overruled.

In the case at bar the defendant requested an instruction that an automobile driver is not criminally liable for failure to stop and failure to render aid to an injured person until he knows that an accident has happened and injury has been inflicted or a death has occurred. The trial court did not give the requested instruction as such but did give the following instruction No. 9: "Evidence has been presented in this case to the effect that defendant was unaware that any accident had happened in which he was involved. The jury is instructed as a matter of law that an automobile driver is not criminally liable for failure to stop and failure to render aid to an injured person when he does not know an accident

has happened or an injury has been inflicted, unless he should have known. If the jury shall find that an accident occurred in which defendant was involved, and that a person was injured therein, and shall further find that the defendant was ignorant or unaware of these facts through no fault of his own, then the defendant shall be found not guilty. If, however, the jury shall find that the defendant, although he did not know that he was involved in an accident, or consequential personal injury, under all the facts and circumstances should have known, then this rule shall not apply, and the guilt or innocence of defendant shall be determined in accordance with the other instructions herein given."

In Behrens v. State, 140 Neb. 671, 1 N. W. 2d 289, this court held that knowledge that an accident has happened and that an injury has been inflicted is an essential element of the crime of leaving the scene of a personal injury accident. In the Behrens case this court said: "The question of lack of knowledge on part of the accused as affecting his criminality is also presented by this record. As to this it may be said that under this statute an automobile driver is not criminally liable for failure to stop and failure to render aid to an injured person when he does not know that an accident has happened, an injury has been inflicted, or a death has occurred. People v. Rallo, 119 Cal. App. 393, 6 Pac. (2d) 516; People v. Ely, 203 Cal. 628, 265 Pac. 818; Scott v. State, 90 Tex. Cr. 100, 233 S. W. 1097.

"Further, lack of such knowledge constitutes a proper defense. Olson v. State, 36 Ariz. 294, 285 Pac. 282. It is a question of fact and not of law. Although we have this question of knowledge on part of the accused in this case as a matter of conflicting evidence, he was entitled to have his theory of this transaction submitted to the jury by a proper instruction, and a refusal by the district court so to do constituted error."

The defendant contends that instruction No. 9 was erroneous in that it permitted the jury to find the de-

fendant guilty even though it found that the defendant did not know that he had been involved in an accident in which a person had been injured. The instruction is erroneous because it substitutes the element of negligence for the element of knowledge which is required under the Behrens case.

Knowledge may be proved by circumstantial evidence and the jury may consider all of the facts and circumstances which are indicative of knowledge. The evidence in this case was sufficient to sustain a finding of knowledge on the part of the defendant, but the jury was instructed that it might find the defendant guilty even though it should find that the defendant did not know that he had been involved in an accident in which a person had been injured. The instruction was erroneous and it requires that the judgment be reversed.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.