Maurice H. SIGLER, Warden, Nebraska
State Penitentiary, Appellant,

v.

Roland F. BIRD, Appellee.

No. 18001.

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1966.

Richard H. Williams, Asst. Atty. Gen., Lincoln, Neb., for appellant.

Harvey L. Goth, Lincoln, Neb., for appellee.

Before MATTHES and GIBSON, Circuit Judges, and REGAN, District Judge.

MATTHES, Circuit Judge.

This *habeas corpus* proceeding was instituted in the United States District Court, District of Nebraska, by Roland F. Bird, state prisoner in the Nebraska Penal & Correctional Complex at Lincoln, Nebraska.[1] The court granted Bird's (appellee's) petition. See, Bird v. Sigler, 241 F.Supp. 1007 (D.C Neb.1964). Maurice H. Sigler, warden of the institution, (appellant) has appealed.[2]

The basic question for determination is whether, under the circumstances attending the prosecution of Roland F. Bird, the preliminary hearing was a critical stage of the proceedings which required, in the absence of an effective waiver, the appointment of counsel.

[1.] Three other inmates of the same institution also sought release by petitions for writ of habeas corpus filed in the same court. Counsel were appointed for each, and a hearing was held on each of the petitions. Because of the existence of a common question of law, the district court, Honorable Robert Van Pelt, consolidated the four proceedings for the purpose of the opinion. The reported opinion is devoted, in its entirety, to the common legal issue present in each case. However, in the remainder of the opinion, not reported, the court considered the facts relating to each individual petitioner. Final disposition of each petition was based upon application of the law, as determined by the court, to the particular facts of each situation.

[2.] Bird was not discharged from custody. The court directed that issuance of the writ of habeas corpus be stayed for 15 days, "within which time the State of Nebraska may either seek review of this

Before proceeding to the merits, we observe, as did the district court, that appellant implicitly concedes that no procedural obstacles bar consideration of the issues presented by appellee's petition; that is, there is no problem of exhaustion of state remedies.

A brief résumé of the background facts will aid our consideration of the issue on appeal.

Appellee, who had been drinking, apparently became obstreperous in his father-in-law's home. The Sheriff of Furnas County, Nebraska, and the town Marshal of Arapahoe, Nebraska, were summoned. After their arrival at the scene, appellee held them at gunpoint. However, the officers were eventually able to subdue appellee, who, in the ensuing melee, sustained bruises, contusions and lacerations to his face and other parts of his body. This occurred on October 2, 1962. The next morning the county attorney obtained a written statement from appellee in the jail where he was then confined.

On October 4, 1962, the county attorney filed a three-count complaint against appellee in the County Court of Furnas County, charging: one, assault; two, felonious breaking and entering a dwelling house; and, three, malicious destruction of property. On the same day appellee appeared in that court, without counsel. The certificate of the County Judge recites: "Upon the reading of the complaint and the Statutes and the explanation to the defendant of his rights, the defendant waived preliminary hearing and entered a plea of 'guilty' to the charge."

Appellee was held by the County Judge for trial in the district court of the county. Thereafter, the county attorney filed an information, in the district court, charging that appellee had committed the three offenses above enumerated. Appellee appeared for arraignment, without counsel, on October 6 and entered a plea of guilty to each charge.[3]

Between October 6 and November 8, 1962, while appellee was confined in jail, he talked with two attorneys in regard to representing him. Both told him, in substance, that, inasmuch as he had entered a plea of guilty, they could not render him any effective legal service. On November 8, 1962, appellee appeared before the district court, again without counsel, and was sentenced to a total of seven years imprisonment.

Thus, it appears that at no stage of the prosecution did appellee have the benefit of the assistance of counsel. The evidence before Judge Van Pelt revealed that, during the preliminary hearing, the county attorney informed appellee "he would have a right to have counsel" but "I don't think I told him he would be given counsel". The county attorney also testified that he did not advise appellee that, under the then applicable law, a plea of guilty in a preliminary hearing could be used against him in the trial.

The only purpose of a preliminary hearing, in Nebraska, is to determine whether the offense charged has been committed, and, if so, whether there is probable cause for holding the accused to answer for the offense. Neb.Rev.Stat. § 29–506 (Reissue 1964); Ronzzo v. Sigler, 235 F.Supp. 839 (D.C.Neb.1964),

decision or determine to proceed against the petitioner by rearraignment on the information so that he may enter his plea and be proceeded against in accordance with the law." Later, upon application of appellant, the court entered an order staying further proceedings until disposition of the appeal by this court.

3. The record of arraignment proceedings reveals the following, and no more, in regard to appointment of counsel for appellee:

"The Court: You [addressing defendant] understand under the laws of our state whenever a person is charged with a crime amounting to a felony and he does not have any property or any money with which to hire a lawyer and he wants one, he may ask the Court to appoint one for him or he may proceed without a lawyer. Do I understand you wish to proceed without a lawyer?

"A. Yes, sir."

aff'd, 346 F.2d 565 (8 Cir. 1965). Although there is no authority for the judge who conducts the preliminary hearing to require, or accept, a plea from the accused, "in many instances an accused * * * has been asked to enter a plea at this stage of the proceedings without the benefit of counsel". Bird v. Sigler, supra, 241 F.Supp. at p. 1010. Additionally, there is no authority, in Nebraska, for appointment of counsel for an accused at the preliminary hearing. Id.[4] State v. Snell, 177 Neb. 396, 128 N.W.2d 823 (June, 1964).

Until Snell, supra, a plea of guilty entered by an accused at the preliminary hearing was admissible against him in a subsequent trial in the district court. Wilson v. Solomon, 172 Neb. 616, 111 N.W.2d 372 (1961); Adams v. State, 138 Neb. 613, 294 N.W. 396 (1940). In Snell, the Supreme Court of Nebraska recognized the import of the teachings of White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), and held that the defendant's plea of guilty at the preliminary hearing was not admissible as evidence against him in the later trial, where the defendant had not been represented by counsel when he entered the plea and had not effectively waived counsel.

Having discussed the relevant background facts and history, we turn to the question at issue.

Appellant recognizes that, in Nebraska, a plea is not required in conjunction with either a preliminary hearing or a waiver thereof. Relying upon this premise, appellant contends that appellee *voluntarily* entered a plea of guilty when he was before the court for the sole purpose of indicating whether he would waive a preliminary hearing and, under these circumstances, the proceeding was not a "critical stage", requiring that appellee be represented by counsel.

Judge Van Pelt, in his opinion, exhaustively dealt with this contention, and with others not raised on this appeal.[5] He has discussed, at length, the relevant case authority on the subject and soundly applied the proper legal principles in reaching his correct decision. (Bird v. Sigler, supra). We concur in both the analysis and the conclusion expressed in Judge Van Pelt's opinion.

Judge Van Pelt found, upon consideration of all of the evidence, that appellee "[had] been asked to enter a plea * * *." We have carefully canvassed the evidence bearing upon this issue and cannot conclude, with any conviction, that appellee's plea was entirely voluntary. Furthermore, whether or not the plea was voluntarily entered is not of controlling importance. This conclusion is implicit in White v. State of Maryland, supra. The key issue is not one of voluntariness of the guilty plea but, rather, of likelihood of prejudice to the accused because of lack of counsel at the time when the plea was entered.

Neither are we impressed with the argument that the hearing before the County Judge was not a "critical stage" of the proceedings because it was not a preliminary hearing (as in White v. State of Maryland, supra,) but, rather, a proceeding to waive preliminary hearing.

4. Neb.Rev.Stat. § 29–1803 (Reissue 1956) provides for appointment of counsel "[w]hen any person *shall be indicted* for an offense which is capital or punishable by imprisonment in the Nebraska Penal and Correctional Complex * * * if the prisoner has not the ability to procure counsel." (Emphasis supplied.)

5. In his opinion, Judge Van Pelt suggested: "The ultimate question of whether the lack of counsel at these preliminary hearings vitiated the subsequent convictions and sentences can be broken down into five separate sub-parts". Bird v. Sigler, supra, 141 F.Supp. at 1010. The sub-parts, which he exhaustively examined, are: (1) retroactivity of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); (2) the applicability of the Gideon principles to a plea of guilty; (3) the need for accused to make a formal request for counsel; (4) the critical nature of the preliminary hearing in Nebraska, prior to State v. Snell, supra; and (5) the problem of an effective waiver of counsel.

Beyond peradventure, appellee's appearance before the county court on October 4, 1962, regardless of formal nomenclature, was a substitute for, and legal equivalent of, a preliminary hearing, within the meaning of the Nebraska law. The fact is that appellee entered, without benefit of counsel, a plea of guilty which could be used against him in the trial. This being the situation, we are forced to conclude that the hearing was a critical stage, within the doctrine announced by the Supreme Court in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), and in later cases.

In Powell, the court made this pronouncement: "He [accused] requires the guiding hand of counsel at every step in the proceedings against him". Id., at p. 69, 53 S.Ct. at p. 64. This statement has since caused the courts considerable difficulty. In subsequent decisions it has clearly been stressed that there is no arbitrary, mechanical stage of the procedure at which a defendant must be afforded access to counsel in order to be guaranteed his constitutional rights.[6] See, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 1758 (1964); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. State of Maryland, supra; United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2 Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 205. Rather, the thrust of Powell's admonition that an accused has a right to counsel "at every step in the proceedings against him", as borne out by subsequent decisions, appears to be that, if the effectiveness of legal counsel ultimately furnished an accused is *apt*, or *likely*, to be impaired by prior denial of counsel, the time when such denial occurred was a "critical stage" in the judicial process, at which time counsel should have been available to protect the constitutional rights of the accused. See, De Toro v. Pepersack, 332 F.2d 341, 343–344 (4 Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 198.

In this case, at the time appellee entered his plea of guilty, he was entirely without benefit of counsel, and his guilty plea could be admitted into evidence in his subsequent trial. Although this appellee did not have a trial, as the Supreme Court stated in Hamilton v. State of Alabama, supra, and reiterated in White v. State of Maryland, supra: "[W]e do not stop to determine whether prejudice resulted [citing cases]. * * * [T]he degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." Hamilton v. State of Alabama, supra, 368 U.S. at 55, 82 S.Ct. at 159. See also, Alden v. State of Montana, 234 F.Supp. 661 (D.Mont. 1964), aff'd, Ellsworth v. Alden, 345 F.2d 530 (9 Cir. 1965), a case in which, on facts very similar to these, the court held that the constitutional rights of the accused had been violated.

Although not raised on this appeal, we have nevertheless re-examined appellant's contention, made in the lower court, that appellee had effectively waived his right to counsel. We concur in Judge Van Pelt's finding that there was no waiver of counsel by the accused. This finding is amply supported by the evidence and is in full accord with the principles set out in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Von Moltke v. Gillies, 332

---

6. It has been held in a number of cases that the accused has not been denied his constitutional rights although he has *not* been provided with counsel at the preliminary hearing, if he enters no plea, or if he pleads *not guilty* or if no defenses *have* to be raised at the preliminary hearing in order to be relied upon at a later stage of the proceeding. See, United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2 Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181; Nolan v. Nash, 316 F.2d 776 (8 Cir. 1963), cert. denied, 375 U.S. 924, 84 S.Ct. 269, 11 L.Ed.2d 166; De Toro v. Pepersack, 332 F.2d 341 (4 Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181; Ronzzo v. Sigler, supra.

U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); and State v. Snell, supra.

 In summary, on the facts and circumstances presented, we hold that, since appellee's plea of guilty at the preliminary hearing could have been introduced into evidence against him at the trial, the failure to afford him counsel at the preliminary hearing constituted a deprivation of his constitutional rights. Accordingly, the order granting the writ of habeas corpus is affirmed.