IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ST. LOUIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JARED A. ST. LOUIS, APPELLANT.

Filed October 6, 2015.    No. A-15-466.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Sean M. Conway, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Jared A. St. Louis appeals from his plea-based convictions for leaving the scene of an accident causing serious bodily injury and driving under the influence (DUI) in the district court for Lancaster County. On appeal, he asserts that he received ineffective assistance of counsel, resulting in the entry of no contest pleas that were not knowing, voluntary, and intelligent, and that his sentence was excessive. For the reasons set forth herein, we affirm.

BACKGROUND

The State filed an information in the district court on November 14, 2014, charging St. Louis with leaving the scene of an accident causing serious bodily injury in violation of Neb. Rev. Stat. § 60-697 (Cum. Supp. 2014), a Class III felony, and with DUI causing serious bodily injury in violation of Neb. Rev. Stat. § 60-6,198 (Cum. Supp. 2014), a Class IIIA felony.

- 1 -

On March 3, 2015, St. Louis pled no contest to an amended information, which reduced the second count to a charge of DUI, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010), a Class W misdemeanor. During St. Louis' arraignment on the amended information, the prosecutor read the amended charges and informed St. Louis of the possible penalties. St. Louis indicated that he understood the charges contained in the amended information and the possible penalties and informed the district court that he wished to plead no contest to both counts. The court then explained and St. Louis stated that he understood his constitutional rights, the consequences of a plea agreement, the nature of the charges, and the possible penalties that could be imposed.

According to the factual basis provided by the prosecutor, on October 1, 2014 at approximately 7:12 a.m., police officers were dispatched to a hit and run accident that had occurred at an intersection in Lincoln, Nebraska. The initial investigation showed that a pickup truck struck an 11-year-old boy who was riding his bicycle in the crosswalk at the intersection. The driver, later identified as St. Louis, fled the scene without stopping to determine the identity of the individual he struck, offering assistance, or providing contact information. The victim suffered serious bodily injury and was transported to the hospital for treatment. Officers later learned that the victim had suffered a subdural hemorrhage, fractured ribs, a punctured lung, a fractured pelvis, and multiple abrasions and contusions. The victim required extended hospitalization for his injuries.

A witness at the scene told police that he had observed the front of the pickup strike the victim, who was thrown into the air and landed on a median. He estimated that the pickup had accelerated through a red traffic signal between 40 and 50 m.p.h.

Another witness, who was driving in the same direction as the victim, heard "a loud vehicle accelerating" and observed the pickup strike the victim. The witness followed the pickup to a residence, later determined to be St. Louis' residence, and observed the driver exit the pickup on crutches. Two officers responded to the residence and made contact with this witness.

One of the officers inspected St. Louis' truck at the residence and found a bicycle stuck underneath it. The officers made contact with St. Louis, who exited the residence using crutches. The officers observed that St. Louis had a strong odor of alcohol about his person; watery, bloodshot eyes; slurred speech; difficulty with manual dexterity; and difficulty answering even basic questions. St. Louis admitted to consuming alcohol, but he initially denied involvement in an accident and told the officers he had been at home for 3 to 4 hours. Officers brought St. Louis to the front of the residence where the witness who had followed the pickup from the accident scene identified him as the driver of the pickup and the person responsible for hitting the victim.

St. Louis was transported to the hospital where a legal blood draw was performed, which showed that St. Louis' blood alcohol concentration was .198 grams of alcohol per 100 milliliters of blood. The officers determined that St. Louis was under the influence of alcohol and was unable to safely operate a motor vehicle.

After the prosecutor provided the factual basis, the district court inquired and St. Louis responded affirmatively that his attorney had explained the charges to him, that he had had an adequate amount of time to discuss the case with his attorney, that he had gone over all of the facts and possible consequences with his attorney, that he had discussed with his attorney all possible defenses he might have to the charges, that he had told his attorney everything he knew about the case, and that he believed his attorney was competently representing him.

The district court then inquired as to the details of the plea agreement. St. Louis and his attorney both stated their understanding that in exchange for St. Louis' pleas, the State would reduce the second count from a Class IIIA felony to a Class W misdemeanor and would file no additional charges against St. Louis arising out of the investigation. Upon the court's inquiry, St. Louis informed the court that, other than the stated plea agreement, no one had made any promises, threats, or used any force or inducements to make him plead no contest to the charges; that no one had made any promises to him as to what the actual sentences would be; that he still wished to plead no contest to each charge; and that he was freely, voluntarily, knowingly, and intelligently entering the pleas. St. Louis' attorney informed the court that the pleas were consistent with the law and the facts and that he believed his client was making the pleas freely, voluntarily, knowingly, and intelligently. The court found beyond a reasonable doubt that there was a factual basis for the plea; that St. Louis understood his rights and the nature of the charges; and that St. Louis' pleas had been made freely, voluntarily, knowingly, and intelligently. The court accepted St. Louis' pleas and found him guilty as charged in the amended information.

A sentencing hearing was held before the district court on April 29, 2015. The court heard comments from counsel and gave St. Louis an opportunity to speak. St. Louis expressed his sorrow and regret for what had happened and informed the court of his decision to stop using alcohol. The court then noted its consideration of comments from St. Louis and his counsel and of the information provided in the presentence investigation report. The court specifically noted St. Louis' lack of a significant prior criminal history, but it stated that it could not ignore the serious nature of the crime and the surrounding facts and circumstances, including the fact that St. Louis was driving drunk and drove away after striking a young boy with his pickup. On Count I, the court sentenced St. Louis to a term of incarceration for a period of 8 to 12 years and imposed a 15-year license revocation. On Count II, the court sentenced St. Louis to 60 days of incarceration and imposed a 6-month license revocation and a $500 fine. The court ordered the sentences to be served consecutively.

## ASSIGNMENTS OF ERROR

St. Louis asserts that (1) he received ineffective assistance of counsel, resulting in the entry of no contest pleas that were not knowing, voluntary, and intelligent and (2) the district court erred in rendering an excessive sentence.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *State v. Castillo-Zamora*, 289 Neb. 382, 855 N.W.2d 14 (2014).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Casares*, 291 Neb. 150, 150, 864 N.W.2d 667, 669

(2015). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Johnson*, 290 Neb. 862, 863, 862 N.W.2d 757, 762 (2015).

ANALYSIS

*Ineffective Assistance of Counsel.*

St. Louis asserts that he received ineffective assistance of counsel, resulting in the entry of no contest pleas that were not knowing, voluntary, and intelligent.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Casares, supra.* Otherwise, the issue will be procedurally barred. *Id.* To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id.* When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.* An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

First, St. Louis argues that his trial counsel was ineffective for failing to adequately investigate his defenses. Specifically, St. Louis asserts that he communicated to his counsel that he did not know he had struck the victim or caused any injury until after his arrest, and that he informed his counsel of potential witnesses that could have testified about St. Louis' lack of any such knowledge, but that his counsel did not investigate further. St. Louis also argues that an expert in accident reconstruction could have verified his claim that he was not aware that he had struck the victim. St. Louis argues that his counsel was ineffective in advising him he had no defense without first conducting an investigation and that had he been aware he had a possible defense to the leaving the scene charge, there is a reasonable probability that he would have chosen to go to trial instead of accepting the plea agreement. See *State v. Snell*, 177 Neb. 396, 397, 128 N.W.2d 823, 825 (1964) (knowledge that accident has happened and injury has been inflicted is essential element of crime of leaving scene of personal injury accident).

St. Louis was not required to allege prejudice on direct appeal, but he did make specific allegations of the conduct that he claimed constituted deficient performance. See *State v. Casares*, 291 Neb. 150, 150, 864 N.W.2d 667, 669 (2015). However, the record is not adequate for us to reach this first claim of ineffective assistance on direct appeal as the record does not contain

discussions between St. Louis and his trial counsel with respect to evidence, possible defenses, trial strategy, or acceptance of the plea agreement.

Next, St. Louis argues that his trial counsel incorrectly advised him that he would receive significantly less prison time if he entered a no contest plea. Specifically, he argues that his counsel told him if he pled no contest he would receive a sentence of 1 to 3 years or perhaps 2 to 5 years in prison. St. Louis argues that he relied on this information when entering his pleas.

This argument is refuted by the record, which shows that during the hearing, the prosecutor read the charges and potential sentences when St. Louis was arraigned on the amended information and that St. Louis stated he understood both the charges and the potential penalties. Later in the hearing, the district court informed St. Louis of the potential sentences for both of the charges against him, and he again stated that he understood the possible penalties for each charge. The court also asked St. Louis if his attorney had explained the charges to him, if he had had adequate time to discuss the charges with his attorney, if he had gone over all of the facts and possible consequences, and if he had discussed all possible defenses with his attorney, to which St. Louis responded that that he had. Upon inquiry by the court, St. Louis denied having been forced or coerced to enter the no contest pleas and denied having been promised a particular sentence in exchange for his pleas. St. Louis also told the court that he was entering his pleas freely, voluntarily, knowingly, and intelligently.

The record refutes St. Louis' assertion that he did not understand the possible penalties for the charges and that he entered his pleas in reliance on alleged promises of his trial counsel regarding his sentence. Accordingly, this argument is without merit.

Finally, St. Louis argues that his trial counsel's errors, in the aggregate, warrant reversal of his convictions, citing *State v. Davis*, 185 Neb. 433, 434, 176 N.W.2d 657, 658 (1970) (where any one of several errors assigned is not in itself sufficient to warrant reversal, if all of them in aggregate establish that defendant did not have fair trial, then it is duty of court to award new trial). St. Louis has failed to establish his ineffective assistance of counsel claim with regard to trial counsel's alleged promises regarding sentencing and the record is insufficient to address St. Louis' claim regarding trial counsel's failure to investigate possible defenses to the charge of leaving the scene of an injury accident. Accordingly, the argument that trial counsel's aggregate errors warrant reversal is without merit.

*Excessive Sentence.*

St. Louis asserts that the district court erred in rendering an excessive sentence. St. Louis was convicted of leaving the scene of an accident causing serious bodily injury and driving under the influence. Leaving the scene of an accident causing serious bodily injury is a Class III felony with a maximum prison sentence of 20 years, and it requires the court to revoke a person's operator's license for a period of 1 to 15 years. § 60-698(1); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Driving under the influence is a Class W misdemeanor with a maximum prison term of 60 days, and it requires the court to revoke a person's operator's license for a period of 6 months. § 60-6,196; Neb. Rev. Stat. § 60-6,197.03(1) (Cum. Supp. 2014); Neb. Rev. Stat. § 28-106 (Cum. Supp. 2014). In this case, on the leaving the scene conviction, the district court sentenced St. Louis to 8 to 12 years in prison and revoked his license for 15 year. On the DUI conviction, the court

sentenced St. Louis to 60 days in prison, revoked his license for 6 months, and imposed a $500 fine. The court ordered the sentences to be served consecutively. St. Louis' sentences are within the statutory guidelines.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Casares*, 291 Neb. 150, 151, 864 N.W.2d 667, 670 (2015). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id*. In imposing a sentence, the sentencing court is not limited to any mathematically applied set of factors. *State v. Sikes*, 286 Neb. 38, 38, 834 N.W.2d 609, 610 (2013). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Hunnel*, 290 Neb. 1039, 1039, 863 N.W.2d 442, 444 (2015).

The presentence report shows that St. Louis was 24 years old at the time of the report. St. Louis has a limited criminal history with convictions only for driving on the shoulder of the highway, stealing money or goods, and negligent driving. St. Louis was employed as an automotive technician at the time of the report. He enrolled in an intensive outpatient substance abuse treatment program in December 2014 and successfully completed the program in January 2015. St. Louis' total score on the level of service/case management inventory assessment placed him in the low risk to reoffend. St. Louis spoke at the sentencing hearing and expressed sorrow and regret for his actions. The presentence report included many letters of support from St. Louis' family and friends as well as many letters from the family and friends of the victim, expressing the devastating impact of St. Louis' actions.

At the sentencing hearing, the district court announced that it had considered the comments made by St. Louis and his attorney at the hearing and the information provided in the presentence report. The court noted St. Louis' lack of a significant prior criminal history but did observe that St. Louis' history included some "bad driving" and use of alcohol. The court also noted the serious nature of the crime and the fact that St. Louis drove while drunk, struck a young boy, and drove away leaving the boy "laying there on the roadway, clinging to life."

We conclude that the sentences imposed by the district court were not excessive and that the court did not abuse its discretion when it sentenced St. Louis within the statutory limits.

### CONCLUSION

The record is insufficient to review St. Louis' first assertion of ineffective assistance of trial counsel concerning counsel's alleged failure to adequately investigate the facts. His remaining assertions of ineffective assistance are without merit as set forth above. The district court did not impose excessive sentences and did not abuse its discretion when it sentenced St. Louis within the statutory limits.

AFFIRMED.